J. C. HALYBURTON and others, Ex'rs of JACOB HARSHAW, *v.* JOHN DOBSON.

Where the testator of the plaintiffs and the defendant went, in the life time of the testator, to a third person and had a conversation with him in relation to the subject of the controversy, and at the trial both the testator and the said third person were dead, *it was held* that according to the true intent and meaning of the *proviso* to the 343d section of the Code of Civil Procedure, the defendant could not testify to the conversation between the testator and such third person.

The cases of *Peoples* v. *Maxwell,* 64 N. C. Rep. 313, and *Whitesides* v. *Green,* Ibid 308, cited and approved.

This was a civil action tried before *Mitchell, J.,* at the Fall Term, 1870, of BURKE Superior Court. The plaintiffs were the executors of Jacob Harshaw and sued in that capacity. On the trial, it became material to ascertain whether the testator of the plaintiffs had received from the defendant certain Confederate money voluntarily, or under fear and coercion. The defendant offered himself as a witness to prove that the testator and the defendant by agreement went to the office of R. C. Pearson, in the town of Morganton, to obtain his advice, as to the propriety of receiving the money; that the testator and Mr. Pearson held a conversation in the office in which the testator, the defendant and Mr. Pearson were assembled, in which Mr. Pearson advised the testator to take the money, and gave it as his opinion that the money could be profitably used. The plaintiffs objected to the testimony, because both the testator and Mr. Pearson were then dead, but his Honor admitted the defen-

dant to state what had passed in the conversation between the testator and Mr. Pearson. A verdict and judgment were given for the defendant, and the plaintiffs appealed.

*Folk* for the plaintiffs.

No counsel for the defendants.

READE, J. The C. C. P. sec. 343, provides, that a party to an action may be a witness in his own behalf, " *Provided,* that no party, &c., shall be examined in regard to any transaction or communication, between himself and a person, who, at the time of the examination is dead."

The reason for the exception is apparent. There could never be a recovery against an unscrupulous party, if he were permitted to testify where it would be impossible to contradict him. The statute ought to be construed in view of this mischief.

His Honor held, properly, that the defendant could not testify as to what passed between himself and the deceased testator, Harshaw. But his Honor permitted him to testify as to what passed between said Harshaw and Pearson, both of whom were dead at the time of his examination. This was, doubtless, upon the idea that the defendant was not a party to the conversation—that it was not " between himself and them." And, in that was his Honor's error. The case states, that defendant and Harshaw, by agreement, went to Pearson to advise with him about the matter in dispute, that they were all together, but Harshaw and Pearson carried on the conversation, and Pearson gave his advice, and Harshaw acted upon it. It is striking in the dark to say that this transaction was not " between the defendant and Harshaw." It was a transaction between them, and the defendant ought not to have been allowed to speak of it.

The question will, doubtless, frequently arise in practice, whether a party who offers himself as a witness, can testify

to a transaction or communication not directly between him-
self and a person deceased, but between two other persons,
both of whom are dead—as for instance, whether if in this
case he had overheard Harshaw and Pearson talking to-
gether. The mischief intended to be guarded against, is, a
party's testifying in regard to a matter where it is impossi-
ble to contradict him if he swears falsely. That is often al-
lowed to witnesses who have no interest in the matter; and
the ordinary presumption in favor of human veracity is the
safeguard; but, whether an interested witness, the party to
the suit, is to be allowed the same privilege is a grave ques-
tion. It is not necessary to be decided in this case, and we
leave it for discussion and future consideration.

In the cases of *Peoples* v. *Maxwell,* 64 N. C. R., 313, and
*Whitesides* v. *Green, Ibid* 308, kindred questions to the one
involved in this case were decided, and these cases are ap-
proved.

There is error.

PER CURIAM.                      *Venire de novo.*