JOSEPH BALLARD *v.* ISAAC BALLARD, Adm'r.

Under the provisions of the C. C. P., secs. 342, 343, no person is excluded from becoming a witness in a matter affecting the estate of a party deceased, sought to be charged thereby, by reason of the fact that he is a party to the action or a party in interest, except in regard to any transaction or communication between such witness and a person at the time of such examination, deceased.

A executed a bond to B, who assigned it to C, by making his mark (X ;) C endorsed the bond to D. The assignment by B was attested by E ; upon the death of B, E was appointed his administrator. In an action brought against E to recover on said bond : *It was held,* that E was not a competent witness to prove the assigment by B to C, and that C was not a competent witness to prove that E did sign his name as attesting witness to the assignment.

(*McKnider* v. *Littlejohn,* 1 Ired., 66 ; *Saunders* v. *Ferrell,* 9 Ired., 97 ; *Ellis's Adm'rs.* v. *Hetfield* ; *Whiteside* v. *Green,* 64 N. C. Rep., 307 ; *Murphy* v. *Ray,* 73 N. C. Rep., 588 ; *McCanless* v. *Reynolds,* 74 N. C. Rep., 301, cited and approved.)

This was a SPECIAL PROCEEDING originally commenced in the Probate Court and transferred to the Superior Court of JONES County, where it was tried before SEYMOUR, J., at Spring Term, 1876.

The following issue was submitted to the jury : " Did Council Gooding endorse the note mentioned in the proceedings ?"

All other facts necessary to an understanding of the case are stated in the opinion of the Court.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Hubbard* and *Kornegay*, for appellant.
*Green* and *Stevenson*, contra.

BYNUM, J. One Kilpatrick executed the bond sued on to Council Gooding, who, it is alleged, assigned it to to J. F. Wooten, who endorsed it to the plaintiff. Council Gooding assigned the bond to Wooten by making his mark, (X) which was attested by J. Gooding. Upon the death of Council Gooding, the attesting witness, J. Gooding, became his administrator and is the defendant in this action.

J. Gooding was called by the plaintiff to prove the endorsement of the intestate to Wooten, and under objection, did testify in substance, that he did not witness the endorsement and that it was not his signature as attesting witness. The plaintiff then introduced J. F. Wooten, the assignee, and under the same objection proved by him that he saw J. Gooding write his name as witness to the assignment. Was either Gooding or Wooten a competent witness for the purpose for which he was examined ?

It is not by becoming a party to the action, or a party in interest, that a person is excluded from becoming a witness in a matter affecting the estate of the deceased, sought to be charged; but whether a party or not, and whether having an interest or not, such person is a competent witness for all purposes, *except* " in regard to any transaction or communication between such witness and a person at the time of such examination, deceased," &c. C. C. P., sec. 342, 343. Both Gooding and Wooten were, therefore, competent for all purposes, except to prove a transaction or communication between them and the deceased.

J. Gooding was the administrator of Council Gooding, and as such had a direct interest in the result of the action,

as being the defendant sought to be charged. But he was introduced by the plaintiff to prove a transaction between himself and the intestate, to-wit: that he was called on by the intestate and Wooten to attest, and that he did attest the execution of the assignment from the intestate to Wooten. He was an incompetent witness to prove the transaction.

But Gooding was a competent witness at the time of the alleged attestation, and having become incompetent by the act of the law, on his appointment as administrator of the intestate, it was competent to prove by other testimony his handwriting as the subscribing witness to the assignment. 1 Strange, 34; *McKnider* v. *Littlejohn*, 1 Ired., 66; *Saunders* v. *Ferrell*, 1 Ired., 97; *Elliss' Adm'r.* v. *Hetfield*, Martin R., 41.

This proof the plaintiff attempted to make, and introduced for that purpose J. F. Wooten, the assignee of the intestate. Wooten then had, or had had, an interest in the matter of the action, as the assignee of the intestate and the assignor of the plaintiff. That, however, did not disable him from proving the *handwriting* of the attesting witness, Gooding.

In *Peoples* v. *Maxwell*, 64 N. C. Rep., 313, it was held that although it was competent for the plaintiff to prove the handwriting of the intestate of the defendant, it was incompetent for him to prove that he saw the intestate actually sign a particular paper. The distinction is that handwriting is proved by a general knowledge of it, and the proof is abstract, and as applicable to one case as another. But proof by him that he saw the deceased sign the particular paper, is proof of a transaction between him and the deceased.

In our case, Wooten, the assignee, it is true, was not called to prove directly the assignment to him by the intestate, but he was called to prove, and did prove, that he saw J. Gooding "sign his name as witness to the endorsement of the intestate, Council Gooding." The signature of the intestate was a cross mark, incapable of identification and proof, with-

The plaintiff applied to his Honor for an Injunction to restrain the commission of Waste, and demanded, in his complaint, judgment for damages for waste heretofore committed on the tract of land therein described.

Plaintiff claims that he has such an estate of inheritance in the lands upon which the alleged waste has been committed, so as to enable him to maintain this action; which estate is derived under the will of his grand-father, John C. Gordon, the portions whereof that are pertinent to this case, are fully set out in the opinion of Justice SETTLE.

It is agreed as a fact in the case, that Martha S. Lowther, the *feme* defendant, and life-tenant, is about fifty-two (52) years of age; has been married twelve (12) years, and has never given birth to a child.

To the plaintiff's complaint the defendant demurred, assigning as cause of demurrer:

(1.) That the plaintiff had not the legal capacity to sue; in that he did not have the immediate estate of inheritance in the lands, and therefore could not maintain this action.

(2.) For defect of parties; in that the person in whom the immediate estate of inheritance was vested, should be party plaintiff.

His Honor overruled the demurrer, and the defendants appealed.

*Gilliam & Pruden*, for appellants.
*Moore & Gatling*, contra.

SETTLE, J. The testator "lends" to his daughter, Martha, (now Mrs. Lowther) certain lands described in his testament, and adds: Should my said daughter have no child or children to live to be twenty-one years old, my will and desire is that my grandson, John Gordon, son of George B. Gordon, shall have it after her death; if she should have

out an attesting witness; whereupon the defendant Gooding was called in by the parties as this witness to the ceremony of transferring the bond from the intestate to Wooten. And now Wooten, a party to that "transaction," is called to, prove, and under objection does prove, all the facts necessary to make effectual this transaction between him and the intestate, to-wit: that he saw the defendant sign his name as witness. He thus indirectly but conclusively testifies to a transaction between himself and a person since deceased. The case falls directly within the principle established in *Peoples* v. *Maxwell*, above cited, and *Whiteside* v. *Green*, 64 N. C. Rep., 307; *Murphy* v. *Ray*, 73 N. C. Rep., 588; *McCanless* v. *Reynolds*, 74 N. C. Rep., 301. The witness, Wooten, having endorsed the bond to the plaintiff with a guaranty, the result of this action, of course can effect his interest or the interest previously owned by him. C. C. P., sec. 343. We are not disposed to relax the common law rules of evidence beyond the innovations clearly established by the recent Legislature.

There is error.

· PER CURIAM. Judgment reversed and *venire de novo*.