FRANK THOMPSON v. HILL HUMPHREY, MARGARET HUM-
PHREY, and others.

*Evidence—Transaction with Deceased Person—Guardian Bond,
Rights of Surety.*

A surety on the bond of a deceased guardian, having paid the amount of
the recovery of a ward in a suit on such bond, brought action to be
substituted to the claims of the guardian against one to whom he had
loaned the money of the wards;

*Held,* (1) That the plaintiff was entitled to put in evidence the account
taken in the suit by the ward on such guardian bond, and that the
debtor to the guardian could not object to such evidence, it being im-
material to her to whom she paid the amount of her indebtedness.

(2) That the administrator of the deceased guardian was a competent
witness to show the execution of the bond by the debtor to the guar-
dian, the evidence being offered to affect the interest of a living person,
and not "against a party then defending the action as executor, ad-
ministrator, heir at law," &c.

(3) That while the plaintiff was not entitled at this stage of the case to
have the debt assigned to him (it appearing that other wards of the
deceased guardian had not been paid in full), he was entitled to main-
tain this action to have the debt paid into court to await a final adjust-
ment of the rights of the several parties in interest.

(*Shields* v. *Whitaker,* 82 N. C., 516; *Ballard* v. *Ballard,* 75 N. C., 190;
*McCanless* v. *Reynolds,* 74 N. C., 301; *Peebles* v. *Stanley,* 77 N. C.,
243, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of ONSLOW Su-
perior Court, before *Avery, J.*

Judgment for plaintiff, appeal by defendants.

*Messrs. W. A. Allen & Son* and *D. J. Devane,* for plaintiffs.
*Mr. Henry R. Bryan,* for defendants.

SMITH, C. J.    John Humphrey in March, 1857, became
guardian of the six infant children of one Stephen Hum-
phrey deceased; and executed a guardian bond in the usual

form for securing their estate in the penal sum of $15,000 with the plaintiff and Henry Cox his sureties. Most of the wards on becoming of age were settled with by the guardian and their estate delivered over to them. A part of the trust fund consists of a bond executed by the defendant, Margaret, to the guardian in 1861, in the sum of $491.57 for money loaned her. John Humphrey died in 1868 leaving a will and the defendant Henry W. was appointed his administrator with the will annexed. One of the wards, William, died in June, 1862, intestate, and the said Henry W. became his administrator. In 1873, the said Henry W. rendered in the probate court his final account of the administration of the estate of the said John, and retained in his hands about $1,300 due from the guardian to the intestate William, and was allowed a credit therefor. The bond of the defendant Margaret was not included in the settlement and was left in the office of the probate judge.

Hill Humphrey brought an action on the guardian bond for the recovery of what was due him from the said John, against his administrator, Henry W. and the plaintiff and his co-surety Cox, in which there was a reference and report showing to be due $892.15, whereof $524.10 is principal money.

A *nol. pros.* was entered by the relator as to the administrator Henry W. The surety, Cox, pleaded his discharge in bankruptcy, and at spring term, 1878, judgment was entered up against the plaintiff alone for the amount due and for $128.70, the costs incurred, on which execution issued and the same has been paid by the plaintiff.

The object of the suit is to have the plaintiff subrogated to the rights of the testator, John, and of Hill, his ward, in regard to the bond of said Margaret, on which is due the sum of $912.22, and that he recover judgment against her therefor.

The defendants answered the complaint, and certain issues were submitted to the jury who in response say that,

27

1. The defendant Henry W. was duly appointed administrator with the will annexed of the deceased guardian, John Humphrey, at March term, 1868, of the proper court. 2. Margaret did execute her bond to the guardian of the infants for $494.57, as stated in the pleadings. 3. The bond did not constitute part of the assets retained out of the estate of the said John, for the intestate William by Henry W. the administrator of both; and 4. The guardian did not settle with all the wards except the defendant, Hill, during his lifetime.

Several exceptions appear in the record:

1. The plaintiff offered in evidence the account taken and reported in the suit of Hill Humphrey against Henry W. administrator of the said guardian, and his sureties, and it was objected that it was not admissible against the defendant, Margaret, because she was not a party to the proceeding. The evidence was received as against the other defendants. There was no error in the ruling of which the defendants can complain. The account was certainly competent against those who were parties to the suit and between whom it was taken. Nor would any prejudice come to the defendant, Margaret, upon an issue as to whom the bond belonged. If she owed the debt and had to pay it to some one, it was wholly immaterial to whom she paid it. The question of subrogation raises issues between others, but not with her. *Shields* v. *Whitaker*, 82 N. C., 516.

2. The next exception is to the admission of the testimony of the defendant, Henry, to show the execution of the bond, and this is also untenable. The witness is introduced to prove a transaction between his intestate and the defendant, Margaret, and although it is said by BYNUM, J., in *Ballard* v. *Ballard*, 75 N. C., 190, this is a transaction within the meaning of section 343 of the code, being an attestation of the deed from the living defendant to his intes-

tate, the evidence is not offered "against a party then defending the action as executor, administrator, heir at law, next of kin, assignee, devisee, legatee or survivor of such deceased person," but against a living defendant competent to testify herself about the same matter, and therefore the evidence is not within the reason of the rule which excludes. The scope and purpose of the act is thus stated by PEARSON, J., in *McCanless* v. *Reynolds*, 74 N. C., 301: "The proviso (in section 343) rests on the ground not merely that the dead man cannot have a fair showing, but upon the broader and more practical ground that the other party to the action has no chance, even by the oath of a relevant witness to reply to the oath of the party to the action, if he be allowed to testify. The principle is, unless both parties to a transaction can be heard on oath, a party to an action is not a competent witness in regard to the transaction." See also *Peebles* v. *Stanley*, 77 N. C., 243.

The answer besides is evasive, and dispenses with the necessity of proof of the allegation as to her, and no one else has any interest in the determination of the issue.

3. The plaintiff would be clearly entitled to the relief, if it appeared that all the wards had received their estates and none had a claim on this part of the trust fund. The jury find that the guardian did not during his life settle with all the other wards, and such as have not had their estate have a preferable right to the bond. It does not appear that any have asserted or intend to assert any claim to this part of the trust fund, and the plaintiff has an interest in its preservation not only for reimbursement but as some security for his subsisting liability upon the guardian bond. To leave the bond where it is, uncollected, may result in the loss of the debt, and the unsatisfied wards may not choose to enforce payment against their mother who owes it. It is to the common interest that this state of things does not continue, and in our opinion the plaintiff ought to have judg-

ment against the defendant for the debt and interest, and that whatever sum be realized be paid into the office of the clerk to await the further order of the court, and that meanwhile the unsatisfied wards be made parties, and have notice to come in and show cause if any they have why the same shall not be paid to the plaintiff. To the end that this may be done, the cause is remanded to the superior court of Onslow for such further proceedings as may lead to its final disposition, and it is adjudged that each party pay his own costs incurred in the appeal.

PER CURIAM.                              ,    Remanded.