## J. W. PEACOCK v. HENRY STOTT.

*Witness, competency of—Section 590—Partnership.*

1. A witness is not incompetent, under The Code, §590, to testify to a conversation had with two persons, one of whom being dead at the time of the trial, in reference to a contract made between them and the witness.

2. Nor will the death of one of the partners in a firm incapacitate the witness from proving a transaction with the firm while the other partner, who was present at the interview, is living.

(*McCanless* v. *Reynolds*, 74 N. C., 301; *Thompson* v. *Humphrey*, 83 N. C., 416; *McLeary* v. *Norment*, 84 N. C., 235, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of NASH Superior Court, before *Philips, J.*

Upon excluding the evidence offered by the plaintiff (set out in the opinion here), the plaintiff excepted to the ruling of the court below and suffered a nonsuit and appealed.

*Messrs. Connor & Woodard,* for plaintiff.
*Messrs. E. C. Smith* and *Fuller & Snow,* for defendant.

SMITH, C. J. The plaintiff as assignee of Alvin Peacock in this action seeks to set up and establish a parol trust in the land described in the complaint, arising out of a contract entered into by Wyatt Earp, Redding Richardson and A. J. Taylor, credit-

ors, at the time when they purchased the same under the trustee's sale, and they seek to follow the land thus charged and enforce the trust against the defendant who has acquired the legal estate. Among the issues produced by the conflicting allegations contained in the pleadings, one in the following words was submitted to the jury:

Did Wyatt Earp, Redding Richardson and A. J. Taylor purchase the lands and take a deed therefor in trust to convey to Alvin Peacock, after the payment to them of the debts due them from said Alvin Peacock?

To sustain the allegation involved in the enquiry, the plaintiff introduced Alvin Peacock and proposed to put to the witness (Redding Richardson being dead) these interrogatories:

1. What conversation did you have with Wyatt Earp and A. J. Taylor, or either, regarding the purchase of your lands on the 24th day of December, 1856, sold that day by J. M. Taylor, the trustee?

2. Did you have any conversation with A. J. Taylor and Wyatt Earp, or either, at which Redding Richardson was not present, in respect to the purchase of this land? and if so, state it.

These questions asked successively were objected to, it being shown that the deceased was present at the conversation referred to in the first, and both ruled out by the court.

Thereupon the plaintiff suffered a nonsuit and appealed, and the only point presented is the admissibility of the proposed evidence when proceeding from the plaintiff's assignor.

The act which renders parties to a suit competent to testify generally, excludes, by its proviso, evidence of or in regard to "any transaction or communication between such witness and a person at the time of such examination deceased," as against his personal representative then prosecuting or defending the suit (THE CODE, §590), and unless the case is within the scope of the exception, the testimony must be received.

That offered and now under consideration was not in strictness a conversation with the deceased, but with him and two others

associated in the contract and united in interest. Nor does it come within the mischief which the restriction was intended to provide against; and the underlying principle is, in the sententious words of the late Chief-Justice, in *McCanles* v. *Reynolds*, 74 N. C., 301, at the conclusion of the opinion, "that unless both parties to a transaction can be heard on oath, a party to an action is not a competent witness to the transaction." *Thompson* v. *Humphrey*, 83 N. C., 416; *McLeary* v. *Norment*, 84 N. C., 235.

The conversation sought to be elicited by the first interrogatory was with *three persons* and to show their contract with the witness, so that these two living witnesses to the fact, to which the testimony is directed, could give their version of it, and the evidence of the witness would not be beyond the reach of correction or contradiction, and the reason for the exclusion would not exist. As then the testimony is not within the words of the excluding proviso, nor the reason of the rule that it prescribes, we are of opinion that it ought to have been admitted.

In this construction of the act, we are sustained by rulings as to the effect of similar phraseology in other states.

In *Comstock* v. *Hin*, 73 N. Y., 280, where the transaction was between the plaintiff and the partners constituting the firm of Jaycox & Green, and Green was dead, the plaintiff's testimony in relation to it was received without objection, and the court say: The death of Green did not render the plaintiff incompetent to prove the transaction while Jaycox was living. If an exception had been taken to the admission of the evidence it would not have been tenable.

So in a more recent case BOARDMAN, J., for the court, declares that the death of one of the partners in a firm, with which the plaintiff has made an arrangement, does not render the plaintiff an incompetent witness to prove the transaction, so long as the other partner who was present at the interview is living. *Kale* v. *Elliott*, 25 N. Y., 198.

The same proposition is announced in *Bennett* v. *Frarey*, 55

Texas, 145, the court adopting the language used in 1 Whar. Evidence, §469, where author says: The exception does not incapacitate where the suit is against co-defendants of whom only one is dead, when the contract was made either with the living co-defendant or with the living and the dead concurrently.

The case is not more favorable to the defendant in that the original parties to the contract are not directly before the court, for the rule extends as well to assignors under whom the defendant derives his title, as to the several associated defendants themselves.

Our opinion then is, that there was error in the ruling out both questions, and the nonsuit must be set aside and a new trial ordered. Let this be certified.

Error.                                                   *Venire de novo.*