ANN B. LOFTIN v. JOSEPHINE E. LOFTIN, individually and as Admx. of W. F. LOFTIN.

*Evidence—§590—Judge's Charge—Equitable Issues—Degree of Proof—Lost Deed.*

1. Evidence is only rendered incompetent by §590 of *The Code*, when it relates to a transaction or communication between the witness and a deceased person of the class mentioned in this section, in regard to some title or interest derived from, through, or under such deceased person.

2. In an action to have the holder of the legal title declared a trustee for the plaintiff, she was allowed to testify that her father, then dead, gave her the money to purchase the land in controversy, when none of the parties to the action claimed any interest under the father.

3. Where a party claims under a lost deed, he must show by clear and full evidence, that such a deed once existed, its legal operation, and its loss.

4. Under the present practice, where a party claims under a lost deed, it is not error for the trial Judge to charge the jury, that the lost deed could only be established by clear and satisfactory proof.

(*Deans* v. *Dortch*, 5 Ired. Eq., 331; *Fisher* v. *Carroll*, 6 Ired. Eq., 485; *Plummer* v. *Baskerville*, 1 Ired. Eq., 252; *Ely* v. *Early*, 94 N. C., 1; cited and approved. *Halyburton* v. *Harshaw*, 65 N. C., 88; *Ballard* v. *Ballard*, 75 N. C., 190; distinguished and approved).

This was a CIVIL ACTION, tried before *Shepherd, Judge,* at Fall Term, 1886, of the Superior Court of GREENE county.

The plaintiff alleged that about the year 1854, her father, Wm. Gooding, placed in her hands, with the knowledge and consent of her then husband, Lewis M. Loftin, about $450, in trust, to invest the same in the land mentioned in the complaint; that the purchase of said land was made by her, through her husband, who paid the money, but through ignorance or mistake, took the deed therefor to himself in fee; that her husband acknowledged the mistake, professed his willingness to correct it, and made an attempt to do so in his last illness; that he died intestate in the year 1855, leaving W. F. Loftin, the issue of his marriage with the plaintiff, his heir at law. That about the year 1857, the plaintiff being about to contract a marriage with one B. L. Bryant, entered into a marriage contract, whereby the said land was conveyed to one Wm. H. Washington in fee, in trust for her sole and separate use, and the said marriage contract was duly proved and registered. That afterwards, in the year 1858 or 1859, the said Washington died, and by proper proceedings, instituted in the Court of Equity of Lenoir county, (in which said land was situate,) W. F. Loftin was

duly appointed trustee in the place of the said Washington, and held the said land as trustee till his death. That said Loftin died in the year 1882, leaving a will, by which he devised all of his real estate to his widow, the defendant, who qualified as administratrix with the will annexed of the said Loftin, and immediately took possession of the said land, and has held it ever since, claiming it as her own under the will of the said Loftin. That the said marrige contract and the registry thereof, and the proceedings of the Court of Equity referred to, were destroyed by fire, and she is unable to produce them. She asks that the defendant shall be declared a trustee for her, and that said land be conveyed to her, and for an account of the rents and profits.

The defendant answers, that she has no knowledge or information as to the material allegations of the complaint, but does not admit them, and says upon information and belief, that the land was paid for with the money of Lewis M. Loftin, and that no part of it was paid for with money derived from Wm Gooding, and for a further defence, she says upon information and belief, that upon the death of Lewis M. Loftin, the plaintiff procured the land mentioned, to be allotted to her as her dower in the land of the said Loftin, and insists that she is estopped from setting up a title in fee thereto. She further answers and says, that shortly after the marriage of the plaintiff to B. F. Bryant, that a deed was executed by them, conveying said land to W. F. Loftin, her only surviving son; that her privy examination was duly had, and the deed duly proved and registered, and that the said W. F. Loftin took possession of said land under said deed, and held it as his own up to the time of his death; that the said deed has been lost or destroyed, and the registration thereof was destroyed by the burning of the Register's office. She further relies upon the statute of limitations.

The following issues were submitted to the jury and answered as indicated:

"1. Did William Gooding, after the plaintiff had married Lewis M. Loftin, place in her hands about $450.00 in trust to be invested in the purchase of the land in controversy from one Durant Jackson for her own benefit? Answer: Yes.

2. Did the said Lewis M. Loftin, as agent of the plaintiff, invest said money in the purchase of the lands in controversy? Answer: Yes.

3. Did the said Lewis M. Loftin, through ignorance or mistake, take the title to said lands from said Durant Jackson to himself? Answer: Yes.

4. Did plaintiff and B. L. Bryan, afterwards, and about the year 1857, convey said lands in fee simple to William H. Washington to hold as trustee for plaintiff? Answer: Yes.

5. Did W. F. Loftin afterwards hold said land as trustee by virtue of an order of the Court appointing him trustee in lieu of William H. Washington, then dead? Answer: Yes.

6. Did the plaintiff and her husband, B. L. Bryan, during the year 1860, convey absolutely by deed to W. F. Loftin, all of her right, title and interest in said lands? Answer: No.

7. Was the deed executed by plaintiff and B. L. Bryan registered in the Register's Book of Lenoir county? Answer: No.

8. What is the annual rental value of the land in controversy? Answer: $450.00.

9. Did the plaintiff, after the death of Lewis M. Loftin, have the land in controversy assigned to her as dower? Answer: No.

10. Has the defendant, and those under whom she claimed, been in the adverse possession, under color of title, of said tract of land, for seven years before the commencement of this action? Answer: No.

It was conceded that on the 31st of December, 1833, one Durant Jackson executed a deed in fee to Lewis M. Loftin, conveying to him the land in controversy ; that Lewis M. Loftin died in March, 1855, leaving W. F. Loftin his only heir at law ; that W. F. Loftin died February 7th, 1882, leaving the defendant, his wife, his sole devisee of all his property, real and personal.

The plaintiff was examined in her own behalf, and for the purpose of establishing the first issue, (in connection with other evidence), proposed to testify that shortly before the purchase of said land, her father gave her $450 or $550, and put it in her lap.

The defendant objected to this, because it was prohibited by §590 of *The Code.*

She was examined by the Court upon this preliminary question, and it failing to appear to the Court that Lewis M. Loftin, or any one else was present when the money was given her, the Court admitted the testimony, and defendant excepted. She testified that shortly before the deed was made—a day or two—her father counted out and placed in her lap $450 or $500.

The Court, after having charged the jury as to the degree of proof required to establish the equitable issues of the plaintiff, charged the jury that as to these issues, the burden of proof was upon the defendant, and the deed being alleged by defendant to have been destroyed, and she attempting to show the existence of such a deed by parol, the existence of the same having been denied by plaintiff, that it was incumbent upon her to clearly satisfy them of the existence of such a deed before they could find the issue in her favor. Defendant excepted to the charge as to the degree of proof required. Verdict for plaintiff. Defendant moved for new trial upon the ground :

    1. For admission of improper testimony.

    2. Error in charge of the Court.

Motion overruled and defendant excepted. The defendant resisted judgment because the action was barred by the statute of limitations (three year statute), and because it was a stale demand. Judgment for plaintiff. Defendant excepted and appealed.

*Mr. E. R. Stamps,* for the plaintiff.
*Mr. E. C. Smith,* for the defendant.

DAVIS, J., (after stating the facts). The exception to the testimony of the plaintiff, upon the ground that it was not admissible under §590 of *The Code,* cannot be sustained. It was no personal transaction or communication between the witness and any deceased person of the class mentioned in this section. She derived no title or interest 'from, through, or under William Gooding, nor did any party in any way interested in this suit, derive any such title or interest through him. She did not testify to any transaction or communication with Lewis M. Loftin or Durant Jackson. No title is derived through Wm. Gooding, and neither Loftin nor any one else was present when the money was given to her, and it was competent for her to testify that at a particular time she had $450 or $500, and that it was given to her by her father. It was a substantive transaction, with no one now deceased, under whom she, or any of the parties to this action, derived any interest. It was a transaction with Wm. Gooding alone. Loftin was not present, and the case of *Hallyburton* v. *Harshaw,* 65 N. C., 88; and *Ballard* v. *Ballard,* 75 N. C., 190; relied on by counsel for the defendant, are distinguishable from this, in that, in *Hallyburton* v. *Harshaw,* the communication, though not between the witness and Harshaw, the deceased testator, yet it was between Harshaw and Pearson, (both of whom were dead,) about the matter in dispute, and the witness and Harshaw had, by agreement, gone to Pearson to advise with him about it, so

in fact, the witness was the party really interested in the conversation between Harshaw and Pearson, and though the conversation was carried on by Harshaw and Pearson, the witness was present, and in fact a party to it, as it related to advice given by Pearson, upon which they were to act.

In *Ballard* v. *Ballard,* Wooten, a party to the transaction, was called to prove that he saw the attesting witness sign his name as a witness.

The second exception was to the Judge's charge as to the degree of proof required to establish the existence of the deed alleged to have been destroyed. In *Deans* v. *Dortch,* 5 Ired. Eq., 331; which was instituted in the Court of Equity to recover the amount of a lost bond, the Court held, that it was necessary for the plaintiff to show the loss of the bond; that it had been sealed and delivered by the party sought to be charged, and was perfected in all its parts; and that it was the duty of the plaintiff to sustain his allegation by " sufficient testimony." In *Fisher* v. *Carroll,* 6 Ired. Eq., 485; which was also to recover the amount of a lost note, the Court said, that " strict" proof was required. In *Plummer* v. *Baskerville,* 1 Ired. Eq., 252; which was to set up a lost deed, it was held, that the plaintiff must produce "proper and full proof—that he must clearly prove that such a deed once existed; its legal operation, and its loss, before a decree would be made to establish it." In this case, the Court charged the jury, that the plaintiff must " clearly satisfy " them of the existence of the deed, before they could find the sixth issue in her favor.

We think there was no error in the charge of the Judge. In *Ely* v. *Early,* 94 N. C., 1; it is said that the Court would not correct an alleged mistake in a deed, unless it was made to appear " by clear, strong and convincing proof," and by analogy the lost deed should only be established upon clear and satisfactory proof that it once existed and was lost.

There is no error. Judgment affirmed.

No error.                                    Affirmed.