(92 N. W. Rep. 449.)

---

AGNES E. GARLAND *vs.* FOSTER COUNTY STATE BANK.

---

**Quieting Title.**

> It is *held,* upon a review of the entire case in this court, in an action to quiet title to real estate, that the finding of the trial court that the plaintiff is the owner of the land in controversy is fully sustained by the evidence.

**Lost Deed.**

> One who relies upon a lost deed to sustain his title to real estate must establish its original existence, its loss, and the material parts thereof, by clear and convincing evidence.

Appeal from District Court, Foster County; *Pollock, J.*

Action by Agnes E. Garland against the Foster County State Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

*F. Baldwin,* for appellant.

*Smith Stimmel,* for respondent.

YOUNG, J. The plaintiff brought this action to quiet title to certain real estate, consisting of 160 acres, situated in Foster county, alleging ownership of the same, and to recover the possession of said real estate, and the value of its use and occupation for the time it was withheld by the defendant. The answer denies that plaintiff is the owner or entitled to the possession of said land, and alleges that the ownership and right of possession are in the defendant. The trial court found that the plaintiff is the owner of the land, and entitled to the possession thereof, and to the sum of $280.36, as the value of its use and occupation, and directed the entry of judgment accordingly. From the judgment so entered, defendant has appealed to this court for a review of the entire case.

It is conceded that there is but one question for review, and that is a question of fact. The plaintiff is the original patentee, having

obtained a patent from the United States in 1889. Her claim is that she has never conveyed the land, but still retains the title which she acquired under her patent. The defendant claims that plaintiff executed and delivered a deed of the land to her father, Malcolm Nicholson. It was through a conveyance executed by Malcolm Nicholson that the defendant acquired the title upon which it relies. It is agreed that defendant's title is good and valid if Malcolm Nicholson had title; and it is further agreed that, if Malcolm Nicholson did not have title, the plaintiff's title is unassailable, and the judgment of the trial court is in all respects proper. It will thus be seen that the entire case turns upon the question as to whether the plaintiff conveyed the land to Malcolm Nicholson. The trial court found that she did not. We have no hesitation in reaching the conclusion that this finding of the trial court must be sustained. No such deed was produced and offered in evidence, and it is shown that no deed of conveyance executed by the plaintiff has ever been placed of record in Foster county. The only evidence offered by defendant tending to show the existence of the alleged deed of conveyance is contained in the testimony of two witnesses, who say that they think they saw a deed from the plaintiff to her father among certain papers which were in the possession of one S. W. Nicholson, who is plaintiff's brother, upon an occasion when the latter was in the register of deed's office, examining the record title of this and other lands. Neither of these witnesses was acquainted with the plaintiff's signature, and neither attempted to swear that the paper they saw was signed by plaintiff. Neither did they undertake to state its contents. Both of them state that they think the paper contained an acknowledgment, but neither was able to give the name of the notary. The S. W. Nicholson referred to by them was a witness, and testified in this case unequivocally that he had no such deed in his possession. Both the plaintiff and her father testified explicitly that no deed was executed and delivered by the plaintiff, and their testimony is unshaken by any evidence or facts in the case. It is entirely apparent that this evidence utterly fails to establish the existence and delivery of a deed by the plaintiff to her father. Strict proof of that fact was necessary, to sustain the defendant's alleged title. The rule is well settled that one who relies upon a lost deed to sustain his title to real estate must establish its original existence, its loss, and the material parts thereof, by clear and convincing evidence. *Land Co.* v. *Denny* (Ala.) 18 South. Rep. 561; *Loftin* v. *Loftin* (N. C.) 1 S. E. Rep. 837; *Fries* v. *Griffin* (Fla.) 17 South. Rep. 66.

The evidence in this case is not of that character, and the judgment of the district court must therefore be affirmed, and it is so ordered. All concur.