## J. M. REECE v. WORTH WOODS.

(Filed 24 December, 1920.)

**1. Evidence—Deceased Persons—Statutes.**

The intent and meaning of Rev., 1631, is to prevent a party to a suit from testifying as to a transaction against the estate or interest of the other party, when the latter is dead and unable to testify in his own behalf.

**2. Same—Deeds and Conveyances—Delivery—Husband and Wife.**

Where the title to lands in dispute depends upon whether the deed to a party had been surreptitiously taken from the grantor and wife, under whom he claims, and to be delivered only when a certain part of its consideration had been performed, and had had the same wrongfully registered, it is competent for the wife, after the death of her husband, to testify to the facts of its nondelivery, the defendant, the grantee in the deed being alive and present, and capable of testifying in his own behalf, and such not being within the intent and meaning of our statute on the subject, Rev., 1631.

**3. Same—Probate Officers—Corroborative—Substantive—Res Gestae.**

Where there is evidence that a grantee in a deed from husband and wife, surreptitiously took it from the *feme* grantor, when it was being held by her pending the performance of condition made a part of the consideration, in an action involving the validity of this deed upon the ground stated, it is competent for the wife, after the death of her husband, to give evidence as to the facts; and also for the probate officer to testify as to declaration of the alleged grantors made at the time the deed was acknowledged before him as to their intent and purpose in making such acknowledgment, such declaration being competent as accompanying an essential fact in the *res gestae.*

CIVIL ACTION, tried before *Bryson, J.,* and a jury, at Special Term, 1920, of CHEROKEE.

The purpose of action is chiefly to have declared void and set aside a deed from W. L. F. Woods and wife to Worth Woods on the ground that said deed, though appearing on the registration book, was never in fact delivered. There are also allegations in the complaint that the

plaintiff being the real owner and in possession of the land, the defendant has wrongfully committed trespass thereon to plaintiff's damage. At the close of the testimony, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*J. N. Moody for plaintiff.*
*Witherspoon & Witherspoon for defendant.*

HOKE, J. On the trial it appeared that plaintiff is in possession of the land in question claiming to own same under a deed from W. L. F. Woods and wife, Laura, dated 22 February, 1919, duly proven and registered said deed containing a stipulation by way of condition subsequent that the grantee would maintain said grantors during their lives, and on their deaths, see that they were properly buried, etc. It also further appeared that defendant claimed the land under a deed purporting to have been made by said W. L. F. Woods and wife, acknowledged by the grantors before a justice of the peace, E. A. Voyless, on 1 February, 1912, and placed upon the registration books on 6 December, 1912, and that W. L. F. Woods died on 24 February, 1920. Plaintiff contending, as stated, that the deed under which defendant claimed had never been delivered, introduced Laura Woods, the surviving widow, and one of grantors in said instrument, and proposed to prove by said witness, in effect, that the deed was never delivered to defendant, that it was prepared and acknowledged before a justice of the peace with a view to its execution, and was not to be delivered till Worth Woods executed a bond for the support and maintenance of grantors while they lived; that finding such stipulation was not in the deed, and no bond had been prepared, the witness took charge and control of the deed, and put it in her bureau drawer, where it stayed unregistered for about six months; that defendant then lived with the grantors, and on one occasion after the deed had been acknowledged witness and her husband went to Murphy on a visit, leaving defendant at home, and soon after getting to Murphy, she met defendant, who had also come to town; that witness remained two days at Murphy, and some time after she returned home she found that the deed in question had been taken from the bureau drawer without her knowledge or consent, and that later she learned that the same had been registered. On objection, the pertinent portion of the proposed testimony was excluded by his Honor on the ground, as argued before us, that the husband being dead, the surviving widow was incompetent to testify under sec. 1631, Revisal, but in our opinion the ruling cannot be upheld. The section of the statute referred to was enacted to prevent a party to a suit from testifying as to a transaction against the estate or interest of the other party, when the latter is dead and

unable to give his version of the matter. The inhibition operates, and is intended to operate as to adverse parties to the transaction. In the case here presented the transaction is between the husband and the wife on the one side and the defendant, the alleged grantee, on the other, the latter being alive and present, and the proposed evidence of the surviving wife is neither within the terms or purpose of the law. The pertinent decisions construing this section are all in support of this view. *Lehew v. Hewett,* 138 N. C., 8; *Johnson v. Townsend,* 117 N. C., 338; *Peacock v. Stott,* 90 N. C., 518. In *Lehew v. Hewett, supra,* the action was by a surviving husband against a grantor to correct a deed made by defendant to deceased wife of plaintiff, where the agreement was that it was to be made to the wife for life, and then to the husband, the husband was held competent to testify to the agreement with defendant as to how the deed should be made, the ruling being stated as follows: "In an action to correct a deed made to the plaintiff's wife, who is dead, the plaintiff can testify as to what took place between him and the grantor, who is living; and the fact that his wife's estate is affected by the evidence does not render it incompetent under section 590 of the Code." Apart from this, the proposed evidence as to the deed being in the control of the witness, kept in her drawer and unregistered, and that it was taken therefrom and put on the registry without her knowledge or consent, would seem to be receivable as independent facts not coming within the provisions of the law. *In re Bowling,* 150 N. C., 507-510; *McCall v. Wilson,* 101 N. C., 598. Again, plaintiff offered to prove by the justice of the peace, who took the acknowledgment of the alleged grantors, their declarations at the time tending to show that no present delivery was contemplated, nor until a satisfactory agreement was executed for their support, and on objection this evidence was also excluded. The defendant here was relying, in part, and to a great extent, on the recognized principle that where a deed has been acknowledged and registered a delivery is presumed until the contrary is clearly made to appear. *Linker v. Linker,* 167 N. C., 651; *Helms v. Austin,* 116 N. C., 751. The acknowledgment then becomes one of a series of facts constituting the *res gestae. Fraley v. Fraley,* 150 N. C., 501, and the declarations of the parties in doing the act, characterizing the same and expressing their real intent at the time is relevant and receivable as substantive evidence. *Stanford v. Grocery Co.,* 143 N. C., 419; *Merrell v. Dudley,* 139 N. C., 59. And in any event these declarations of Mrs. Woods would be competent to corroborate her direct testimony in so far as same had been admitted.

For the errors indicated, the plaintiff is entitled to a new trial, and this will be certified that the judgment of nonsuit be set aside, and the cause be further proceeded with in accordance with this opinion.

New trial.