## Petty's Heirs v. Petty.

(Decided May 10, 1921.)

### Appeal from Grayson Circuit Court.

1.  Deeds—Lost Deeds—Parol Evidence.—The existence of a lost deed may be established by parol evidence but in doing so the loss and contents of the operative clauses must be proven by clear and satisfactory evidence.

2.  Deeds—Lost Deed—Presumptions.—Where the existence of a lost deed is established and the circumstances tend to prove it one in fee such will be the presumption after the lapse of a long period of time.

3.  Deeds—Lost Deed.—Where a lost deed when last seen is shown to have been in possession of a party to the action and he fails to produce it or to account for its loss, slight evidence by the other party will be sufficient to prove its contents.

ALLEN P. CUBBAGE for appellants.

G. W. STONE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was brought by L. L. Petty against his grandfather, Garten Petty, to quiet title to a tract of about 265 acres of land in Grayson county which it is alleged was once owned by Garten Petty but conveyed by him in 1876 to his wife, Sarah G. Petty, who died in 1895 intestate, leaving appellee, L. L. Petty, as her only lineal descendant and heir, he being a grandson.

The appellee, L. L. Petty, plaintiff below, relies upon a lost deed alleged to have been made by his grandfather, Garten Petty, to appellee's grandmother, Sarah G. Petty, to sustain his claim to a remainder interest in the lands described and in which he admits his grandfather held a life estate by curtesy at the time this action was commenced.

The lower court adjudged the plaintiff the owner of the lands in remainder and quieted his title thereto as against the grandfather, who denied the execution or existence of the alleged lost deed.

On this appeal, the grandfather being now dead, his heirs insist that the judgment should be reversed for the reason (1) that the existence and contents of the lost deed were not sufficiently proven; (2) the alleged lost deed having admittedly been made in fraud of creditors of the grantor in which both grantor and grantee participated, is not enforceable in equity, (3) defendant's plea of adverse possession of the lands in question was fully established, and (4) the court erred in holding one spouse cannot acquire title by adverse possession of the lands of the other spouse after the death of the first spouse.

Garten Petty was twice married. Sarah G. Petty was his first wife. To them were born one son and one daughter, but the daughter died in infancy. The son married and became the father of appellee, L. L. Petty, but died before the commencement of this litigation. By his second wife Garten Petty had two children and they are now parties by revivor to this litigation.

It is admitted that appellee, L. L. Petty, is the sole heir of Sarah G. Petty, from whom it is claimed he inherited the tract of land which is the subject of this controversy. It is also admitted that Garten Petty was once the owner of the lands, and that he continued to be the owner thereof until his death if he did not convey the same to his wife, Sarah G. Petty, about the year 1876. In other words appellee, L. L. Petty, claims under a deed which he avers was made by his grandfather, Garten Petty, to appellee's grandmother, Sarah G. Petty, about 1876. The original deed, he avers, is concealed, lost or destroyed through the wrongful act of his grandfather, who was the original and only defendant in this action, and the record thereof in the office of the clerk of the Grayson county court was destroyed in a fire

which burned the court house several years before this action was commenced. While this suit was pending in the lower court and before judgment, Garten Petty died leaving a widow and two children and this action was revived against them.

About the year 1875 Garten Petty became involved in a fight in a store near his home and during the encounter inflicted an injury to the person of an innocent bystander named Miss Pickrell, who shortly sued Garten Petty for damages and recovered a verdict and judgment for an amount stated to have been $1,000.00. Admittedly Garten Petty was the owner of the land at the time of the happening of the tort to Miss Pickrell and perhaps at the time of the recovery of the judgment, but appellee contends that about that time and in order to avoid the payment of the Pickrell judgment Garten Petty conveyed the whole of his land, then consisting of about 700 acres, to his wife, Sarah G. Petty, and that she took and ever afterwards to her death, held and claimed said land as her sole property. The exact date of the deed is not known, but it is proven in the record that before 1876 all conveyances of parts of the land were made by Garten Petty and he received the consideration therefor, but that after that date Sarah G. Petty sold and conveyed two or three small portions of the land, her husband joining with her, but she receiving all the consideration. It is also shown that before the date of the alleged deed Garten Petty's name always appeared first in the body of each deed of conveyance as the real owner, and his name was first subscribed to the deeds and his wife's name came second, but after the said date all deeds ran in the name of Sarah G. Petty as first party and owner "and her husband Garten Petty," and the notes for deferred payments of the purchase price were made to Sarah G. Petty, and actually paid to her and not to her husband Garten Petty.

Several witnesses testified to having seen or read the deed from Garten Petty to Sarah G. Petty for the lands in controversy but none undertook to tell in detail the exact date of the deed or its contents further than that it was a conveyance of the lands of Petty to his wife, but there are a number of facts and circumstances shown in evidence which aid in determining the contents and nature of the deed and on which appellee L. L. Petty re-

lies to show the contents and effect of the operative clauses of the alleged deed.

It may be conceded that Garten Petty made a deed for the tract of land in question to his wife Sarah G. Petty about the year 1876, for this is fairly established by the evidence, but the question arises, what was the nature and contents of said deed? The rule is that where one relies upon a lost deed to sustain his title to real estate he must establish the original existence of the deed, its loss and the material parts thereof by clear and satisfactory evidence, and this rule is invoked by appellants to defeat appellees' claim to the land under the deed, for it is insisted that if secondary evidence is to be substituted for primary evidence, the oral testimony must be substantially as complete as the writing itself, with proof of the contents of the writing. This is the rule as shown by the following cases: Lipps, et al. v. Turner, 164 Ky. 262; Mold v. Rohm, 274 Ill. 547; Ghlod v. Fortin Bank, 11 N. D. 374; Gilme v. Fitzgerald, 26 Ohio State 171.

According to the testimony of some of the witnesses Garten Petty stated on various and divers occasions and in the presence of different persons after 1876 and before the death of his wife Sarah G. Petty that he had conveyed the lands to his wife Sarah G. Petty and that she was the sole owner thereof. In fact he practically admits in his testimony in this case he made and delivered the deed to her but he was not asked as to its contents. If it be conceded that Petty made the deed to his wife in 1876 then it must be further conceded that he did so for the purpose of defeating the collection of the judgment against him, for the evidence is abundant on this point—and there was no other consideration shown or reason given for the conveyance.

If this was the purpose of the conveyance as is admitted nothing less than a deed for the fee would have availed. So the estate conveyed by the deed of 1876 must have been in fee. Aside from this the presumption is after great lapse of time and, in the absence of a contrary showing, that the deed was an absolute conveyance of the estire estate in the lands conveyed and not an estate of less degree.

Both Garten Petty and his wife Sarah G. Petty fraudulently entered into the execution and delivery of the deed to Sarah G. Petty, asserted that the latter was the owner of the lands under the deed and she exercised com-

plete control over it. Moreover when portions of the
lands were conveyed she made the deeds for the fee and
received the money therefor, which is wholly and entirely
inconsistent with the conduct of one who held and owned
an estate less than fee. When Sarah G. Petty died she
had the deed in her possession, lodged in a box in a
bureau drawer among her belongings and personal ef-
fects. It had been duly acknowledged and recorded. It
was seen among her personal belongings by at least two
witnesses after her death. Garten Petty took charge of
her effects, including the deed, after the death of Sarah
G. Petty and the deed has not since been seen. When
the deed was once shown to be in the possession of the
husband the presumption is that it continued so. 10 R.
C. L. 872. It was against the interest of Garten Petty
to produce the deed if it was one in fee and he did not do
so on the trial although it was shown to have been in his
possession and control the last time it was seen by a wit-
ness and that he took possession of her belongings after
her death, and did not attempt to account for its where-
abouts or its loss. When the execution and existence of
the deed were proven and it was shown to have been in his
possession and control when last seen it was Garten
Petty's duty to have produced the deed or to have ac-
counted for its loss if he proposed to rely upon its convey-
ing less than a fee, and his failure so to produce the deed
is a strong circumstance tending to support the conten-
tion that the deed in question conveyed a fee and not a
lesser estate. It has been held by some courts that non-
production of such a document shown to be in the posses-
sion of a party who denies its existence or alleged con-
tents, is a circumstance which may be considered by a
court. It has further been held that slight evidence of
the contents of a paper should be deemed sufficient
against a party who has the power to remove all doubts
as to the contents thereof by producing the paper itself,
but fails or refused to do so when the matter is fairly
put in issue. Tobin v. Shaw, 45 Me. 331; 71 Am. Dec.
547; Eastman v. Amaskeag, 82 Am. Dec. 201; 10 R. C. L.
922.

We therefore conclude that the chancellor was fully
warranted in finding as a fact, the existence and delivery
of the deed by Garten Petty to Sarah G. Petty; its re-
cordation; that it covered and included the lands in con-
troversy and conveyed the grantee a fee simple title.

Judgment affirmed.