L. T. WHITE, EXECUTOR OF K. P. WHITE, v. J. B. MITCHELL, EXECUTOR OF
MARY O. WHITE, ET AL.

(Filed 26 September, 1928.)

**1. Wills—Construction—Estates and Interests Created.**

Upon a devise of real and personal property to the wife during widow-
hood, the moneys of the testator in the bank go to her subject to the
restrictions contained in the will, and while she may not dispose of them
by will, she is entitled to whatever moneys she may have saved, arising
from the *corpus* of the estate, and may so dispose of them.

**2. Same—Evidence.**

Where the widow under the terms of the will of her husband may only
dispose of the moneys in the bank to her credit, and not such as may at her
death have passed to the remainderman under his will, it may be shown by
disinterested witnesses as to what part passed under the widow's will, as
not objectionable evidence under C. S., 1795, based upon conversations
with other living parties interested under the husband's will.

**3. Evidence—Hearsay—Communications with Decedent.**

A transaction or communication with a deceased person prohibited by
C. S., 1795, does not include those with a living person interested in the
result of the action.

**4. Same.**

Where a widow is entitled during her widowhood to the profits on the
land devised by her deceased husband, but not to his moneys commingled
therewith in a deposit in a bank, and has died devising the total amount
of the deposit: *Held,* testimony as to her receipt of the money from the
crops is competent, not falling within the provisions of C. S., 1795, and
does not affect the title to other money owned by her husband at his
death and given to her for life by his will.

**5. Trial—Instructions—Exceptions—Appeal and Error.**

Exceptions must be taken at the time to the statement of the conten-
tions of the parties by the trial judge in his instructions to the jury to be
considered by the Supreme Court on appeal.

**6. Same.**

Exceptions to the instructions of the court to the jury must be prejudi-
cial to entitle the appellant to a new trial.

**7. Costs—Persons Entitled—Judgments.**

Where the action involves the question as to the recovery of a portion
of the estate of a deceased person, and judgment is rendered in favor of
the executor, the plaintiff, he is entitled to a judgment for costs. C. S.,
1241.

APPEAL by plaintiff and defendants from *Clayton Moore, Special
Judge,* at January Term, 1928, of BERTIE.

K. P. White died 11 October, 1921, leaving a will by which he disposed of his property as follows:

"Item 2nd. I do lend unto my beloved wife, Mary O. White, all of my real and personal estate to her during her widowhood as my widow.

"Item 3rd. When my beloved wife, Mary O. White, ceased (ceases) to be my widow by death or marriage, I dispose of estate as follows: I do give and bequeath to my son Earnest P. White and to my son Danvil C. White all of land owned by me at the time of my death to be equaled divided between them to them and their heirs for ever the said Danvil C. White is to have the west side of said land include all buildings there on and the garden the said Earnest P. White is to have the east side of said land and division line to be run and layed of on the east side of the garden and lot on said land.

"I do give and bequeath to my son Earnest P. White and to my son Danvil C. White all of my Right and interest in horses and mules on hand at the time of my death to them and their heirs for ever and I do allso give to my son Lassie F. White one feather bed to him and his heirs for ever.

"I do give all of the balance of my personal property on hand at the time of my death to all of my children to be equeal divided among them to them and theirs heirs for ever and lastly I do hereby constitute and appoint my son Lefayth T. White my lawful Executor, etc." ·

The testator's wife, Mary O. White, died in August, 1924, leaving a will by which she bequeathed to her daughter, Eula Mitchell, five hundred dollars described as "money I have in the bank"; to her daughter, Rena Mitchell, five hundred dollars "out of the money that is in the bank"; to her granddaughter, Amelia White, one hundred dollars "out of the money that is in the bank"; to her son, L. T. White, ten dollars; and to her granddaughter, Eva Hughes, twenty-five dollars. All her property not disposed of was to be sold and the proceeds were to be divided between Eula and Rena Mitchell.

At the time of her death Mary O. White had a certificate of deposit for $1,354, with 4 per cent interest issued by the bank of Colerain. The bank paid the amount of the certificate to J. B. Mitchell, executor of Mary O. White.

The plaintiff contended that the money for which this certificate had been issued was a part of the estate of his testator, K. P. White, and brought suit to recover a judgment for the amount paid by the bank to J. B. Mitchell as executor. When the cause was tried the jury answered the issues as follows:

1. Are the defendants indebted unto the plaintiff as alleged in the complaint? Answer: Yes.

2. If so indebted then in what amount? Answer: $1,354 with interest since the .... day of ................., 192.. ..

It was thereupon adjudged that the plaintiff recover of the defendants, J. B. Mitchell, executor of Mary O. White, and the Peoples Bank and Trust Company of Colerain, the sum of $1,354 deposited in said bank in the name of J. B. Mitchell, executor, etc., with interest at 4 per cent per annum from 26 June, 1924. It was also adjudged that the plaintiff disburse the amount recovered in the due course of administration under his testator's will, and that the costs of the action be paid out of the fund on deposit in the bank.

The parties appealed upon error assigned in the record.

*Winston, Matthews & Kenney for plaintiff.*
*Craig & Pritchett for defendants.*

### DEFENDANTS' APPEAL.

ADAMS, J. After the death of Mary O. White, was her executor entitled to the money for which the certificate of deposit had been issued by the bank? To this question a negative answer must be given if she came into possession of the money by virtue of her husband's will, because his property, real and personal, was given her "during her widowhood."

The plaintiff says that upon the death of Mrs. White the money became a part of the personal estate of his testator. He contends that his father and mother, both infirm, needed assistance and protection; that he had a conversation with J. B. Mitchell (who had married his sister) in reference to their condition; that he had previously received money from the farm and had put it in the bank first to the credit of his father and afterwards about two years before his father's death to the joint credit of his father and mother; that in consequence of their conversation he and J. B. Mitchell went to the bank a month after the death of his father and had the account credited to Mrs. White; and that all the money thus deposited had been derived from his father's farm. The plaintiff offered evidence in support of these contentions and the defendants excepted on the ground that the evidence is prohibited by section 1795 of Consolidated Statutes.

This section disqualifies any party to an action or any person interested in the event of the action, or any one under whom such party or person derives title, to testify in behalf of himself, or in behalf of the person succeeding to his title or interest, against the personal representative of a deceased person, or against the committee of a lunatic, or against any one deriving title or interest through such person or committee, concerning a personal transaction or communication between the

witness and the deceased person or lunatic. *Bunn v. Todd,* 107 N. C., 266. The purpose is to exclude evidence of a personal transaction or communication between the witness and a person who by reason of death or lunacy cannot be heard. *Abernethy v. Skidmore,* 190 N. C., 66; *Haywood v. Russell,* 182 N. C., 711; *Reece v. Woods,* 180 N. C., 631.

The defendants' first twelve exceptions are addressed to evidence which does not involve any personal transaction or communication between the witness and his mother or his father; it relates to conversations or transactions between the witness and the defendant, J. B. Mitchell, and between the witness and the officers of the bank, all of whom are living. There is no evidence or suggestion that K. P. White or his wife had anything to say in reference to the recited transactions or indeed that either one of them knew what L. T. White and J. B. Mitchell had done. On cross-examination the defendants elicited evidence that the witness acted in behalf of his father and mother; but it does not appear that either his father or his mother had given him any instructions, or approved or disapproved, or even had knowledge of, anything he did. In fact his father had been paralyzed for about nine years and talked very little. Morever, the appellants after bringing out this evidence made no motion to strike out what the witness had previously said. These exceptions therefore must be overruled.

And so as to the thirteenth and fourteenth exceptions. The plaintiff admits that after the death of her husband Mrs. White was entitled to money derived from the sale of the crops. Her receipt of this money could not affect the question of title to other money owned by her husband at his death and given to her for life by his will. And on the matters in issue it is immaterial whether Mrs. White did or did not devise the "remainder of her estate" to the witness. This evidence could have had no material bearing on the verdict. Exception 16 relates to the judge's statement of contentions to which his mind was not directed during the trial, and exception 18 to an instruction that the plaintiff and the defendants could not lawfully agree to a settlement of the estate in breach of the will unless all the interested parties agreed. It is not easily perceived how the appellants could have been prejudiced by these instructions. There are other exceptions to the charge which become academic, as it is found as a fact and agreed that the verdict includes no personalty except money in the bank.

The appellants contend that there is error in the judgment; that Mary O. White was entitled to the income from the bequest, and that a part of the income has been awarded to the plaintiff. *Hall v. Robinson,* 56 N. C., 349; 18 C. J., 945. The plaintiff consents that the judgment may be modified so that he may recover interest only from the date of the widow's death.

JOHNSON v. MILLS COMPANY.

A motion was made that the defendant executor be allowed to deduct from the recovery burial expenses and the fee of his attorney; but these matters were not pleaded or considered during the trial.

The motion for nonsuit was properly denied. The other exceptions are formal.

On the defendants' appeal there is no error except in the judgment, which is modified and affirmed.

## PLAINTIFF'S APPEAL.

ADAMS, J. It was adjudged that the costs be paid out of the fund on deposit in the bank. This part of the judgment is erroneous. The plaintiff having recovered is entitled to his cost. C. S., 1241 *et seq.*