D. H. McCALL et al. v. WILLIAM S. WILSON et al.

*Evidence— Witness—Statute—Registration of Deeds.*

1. A witness who is excluded, under § 590 *The Code*, from testifying to any personal communication or transaction with a deceased person, may, nevertheless, be competent to testify what he saw the deceased do, or to any fact which does not include a personal transaction or communication.

2. The section of *The Code* (1279) extending the time within which grants, &c., might be registered, went into operation on March 2, 1883—the date of the passage of *The Code*—and consequently there was no period intervening between the expiration of two years from the enactment of the Extending Act of 1881 and November, 1883, in which grants and other instruments requiring registration might not be registered.

This is a CIVIL ACTION for the recovery of land, which was tried before *Gilmer, J.*, at Fall Term, 1888, of MECKLENBURG Superior Court.

It was in evidence that the plaintiffs were the children and heirs-at-law of Josiah McCall, who died in 1864. They introduced (1) a deed from John E. Moore to Josiah McCall, their father, dated October 22d, 1858, and registered September 2d, 1884. This was in form a fee-simple deed and the lands described therein are the lands in dispute; and (2) a deed from A. M. Moore, the widow of John E. Moore, to the defendant, William S. Wilson, and M. C. Wilson, the ancestor of the other defendants. This deed was dated the 16th day of February, 1882, and registered two days thereafter. It was in fee-simple and described the lands in dispute, and added that the same was made subject to the dower of C. C. McCall, who is the widow of Josiah McCall.

The defendant then introduced testimony tending to show that John E. Moore purchased the land at a sale under execution as the property of Matthew McCall, and that he exe-

cutéd a deed conveying the land to said Matthew McCall, and that the defendant W. S. Wilson purchased the land from A. M. Moore, the widow of John E. Moore, in 1882. It was also in evidence that Josiah McCall was a very poor man and never owned any land. The defendant introduced a deed from W. C. Maxwell, administrator of John E. Moore, deceased, to A. M. Moore and her heirs, dated February 16th, 1882, reciting a sale made November 1, 1880, under proceedings to make assets, and the proceedings under which the land was sold. This deed embraces the land in dispute. Also a deed from S. C. McCall, the widow of Josiah McCall, dated February 3d, 1882, conveying to the defendant, W. S. Wilson, all her right of dower and interest in the land in dispute.

Plaintiffs then introduced S. C. McCall, who testified " that she saw the deed from John E. Moore in the possession of her late husband Josiah McCall. He had land in Union County, sold it, brought back the money. She saw him start off with the money and bring back the deed. This was objected to by the defendant, under section 590 of *The Code*, but admitted, and defendants excepted."

" D. H. McCall, one of the plaintiffs, testified that he had not resided on the land since the war. That he saw Penninger pay his father $175 for the Union land. Objected to by defendants. Objection overruled, defendants excepted."

" The defendants insisted that they were entitled to judgment because the deed from Moore to Josiah McCall * * * * was not registered within the time prescribed by law," and was void as against the deed from the administrator of Moore, under which they claim as innocent purchasers for value. His Honor reserved his opinion on this question till after verdict.

There was a verdict finding the issues in favor of the plaintiffs and judgment for the plaintiffs, and appeal by the defendants.

*Mr. W. P. Bynum,* for the plaintiffs.
*Messrs. Osborne & Maxwell* (filed a brief), for the defendant.

Davis, J. (after stating the case.)    1. The first exception is to the admission of the testimony of S. C. McCall. She testified to no "personal transaction or communication" between her and the deceased.    What she *saw,* and the fact that the deceased had land in Union County, involved no such "transaction or communication." *Loftin* v. *Loftin,* 96 N. C, 94.

There was no error in admitting her testimony.

2. The second exception was to the admission of the testimony of D. H. McCall.    He testified to what he "saw," and the exception cannot be sustained.

3. The third exception, and the only one relied on in the brief of counsel for defendants, was to the refusal of his Honor to give judgment for defendants, upon the ground, as insisted, that the deed from Moore to Josiah McCall was void as against the deed from the administrator of Moore, because the former was not registered within the time prescribed by law.

It is insisted that the Acts of 1883 did not extend the time for registration of deeds, and that section 1279 of *The Code,* giving further time, did not go into effect until the first day of November, 1883, more than two years after the extending act of 1881, and that there was no law in force that authorized the registration of the deed from Moore to Josiah McCall on the second day of September, 1884, which could have relation back to defeat the title acquired under the deed from the administrator of Moore, registered in February, 1882, under which the defendants claim title.

It is a misapprehension to suppose that section 1279 of *The Code,* extending the time for registering grants and other instruments, did not take effect till November 1, 1883, and that there was an intervening period between the expiration of two years, or after the extending act of 1881, and the

first day of November, 1883, during which there was no law in force extending the time for registering grants, &c.

Section 1279 of *The Code*, as appears upon its face, is a re-enactment of chapter 180, section 1, of the Acts of 1870-'71, and provides that "all grants of land in the State, or all deeds of conveyance * * * required by law to be registered within or by a given time," and which "have not been proved and registered within or by such time, may be proved and registered within two years after the *passage* of this Code, under the same rules," &c.

*The Code* was passed and ratified on the 2d day of March, 1883. *The Code*, Vol. II, page 601, section 3866, is as follows: "All the provisions, chapters and sections contained in this Code shall be in force from and after the first day of November, in the year of our Lord one thousand eight hundred and eighty-three, except only such parts thereof as to which a different provision is expressly made therein."

By the express provision in section 1279, the time is extended two years "after the passage" of *The Code*—that is, after March 2d, 1883 and not after November 1st, 1883.

The Acts of 1881, chapter 313, extended the time two years from its ratification, March 11, 1881, and, as we have seen, the provision in *The Code*, § 1279, was passed March 2d, 1883; so there was no intervening period of time when no law was in force allowing further time for the registration of grants, &c., as there was in the case of *Scales* v. *Fewell*, 3 Hawks, 19, and *Haughton & Slade* v. *Roscoe & Gray*, 3 Hawks, 21, relied on by counsel for defendants.

The third exception cannot be sustained.

There is no error.                                        Affirmed.