MOSES CAREY v. VIRGINIA CAREY et al.

*Evidence—Transaction and Communication with Deceased Persons.*

The plaintiff brought an action against the heirs of C., alleging that he and C. had purchased jointly a tract of land, but for convenience the deed was made to C. alone, who afterwards mortgaged it to secure a loan, and that he (the plaintiff) had repaid a part of the loan, and he prayed judgment that the heirs of C. be declared trustees, &c. In support of his cause of action, he offered the vendor and mortgagee as witnesses to prove the joint purchase and the borrowing of the money and repayment of the loan, and also offered his wife, to prove that a portion of the purchase money was paid by himself : *Held—*

1. That neither the vendor nor the mortgagee were competent witnesses for plaintiff to prove any transaction with C., they being expressly included in the prohibition of the statute, (*The Code*, § 590), by the description of persons, " from, through or under whom such party (the party introducing them) * * * derives his interest or title by assignment or otherwise."

2. That the proposed evidence of the wife was competent, it not appearing that it embraced any transaction or communication with the deceased.

This is a CIVIL ACTION, which was tried before *Shipp, J.,* at November Term, 1888, of GRANVILLE Superior Court.

The following is so much of the case settled on appeal as need be reported :

" Plaintiff alleged that he was father of Simeon Carey, deceased, husband of the defendant Jennie, and father of the infant defendants; that prior to his death, Simeon and the plaintiff purchased from one D. W. Wheeler the tract of land, the subject of this action, but as a matter of convenience the deed thereto was made to Simeon alone; that Simeon thereafter mortgaged the land to one K. T. Roycroft to secure the payment of a sum of money, and that plaintiff

paid to Roycroft a part of the money so borrowed by Simeon, and asked that the defendants be declared trustees to his use for one-half of said land.

"Plaintiff first introduced D. W. Wheeler, and offered to prove that plaintiff and Simeon Carey bought from witness the tract of land in controversy. Defendants objected; objection sustained. Exception.

"Plaintiff then introduced K. T. Roycroft, and offered to prove that Simeon Carey borrowed from witness the sum of ____ dollars, and, to secure the payment of the same, executed to Roycroft a mortgage on the land, and that plaintiff paid to Roycroft a portion of the money so borrowed by Simeon. Defendant objected; objection sustained. Exception.

"Plaintiff then introduced Mrs. Carey, wife of plaintiff, and offered to prove that a portion of the purchase money for said tract of land was paid to D. W. Wheeler by the plaintiff. Defendant objected; objection sustained. Exception.

Verdict and judgment for defendant, and the plaintiff appealed.

*Mr. John W. Hayes*, for the plaintiff.
*Messrs. A. W. Graham* and *R. W. Winston*, for the defendants.

MERRIMON, C. J.—after stating the facts: It has been decided in many cases, that the leading, if not the only, purpose of the statute (*The Code*, § 590) is to render incompetent a person of the several classes therein specified, to be a witness upon the trial of an action, or the hearing upon the merits of a special proceeding, "in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, con-

cerning a personal transaction or communication between the witness and the deceased person, or lunatic," except in the case excepted.

One of the classes so rendered incompetent as witnesses in the cases prescribed, are persons "from, through or under whom such a party (the party to be benefited by the evidence to be elicited), or interested person, derives his interest or title, by assignment or otherwise," &c. The reason of this statutory provision is, that if the deceased person in such cases were living, he might contradict the witness, testifying adversely to him; he would certainly have knowledge of the "personal transaction or communication" with himself, and, as to it, he would be on an equal footing, as a witness in his own behalf, with the witness adverse to him.

The purpose of the Legislature in so rendering incompetent the person "from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise," seems to be to prevent possible collusion between the interested party and the witness, in the absence of the deceased person, who, if alive, could be heard in his own behalf, and might contradict such adverse witness as to "a personal transaction or communication" between them. Whatever the purpose, the language employed to accomplish it is plain, strong and very comprehensive. It clearly and explicitly embraces all persons from whom the interested party "*derives his interest or title* by assignment, or otherwise." By these words is meant—gets from a source— some person, through or under one or more persons, successively, directly or indirectly, immediately or mediately, "his interest or title," any valuable interest in part or share of something real 'or personal, of whatever nature, whether legal or equitable, acquired by assignment, or by any other means, or in any other way or manner. There is a manifest purpose not to allow the "executor, administrator, or survivor of a deceased person," or the person claiming

under him, to be prejudiced to the advantage of an interested party, as to "a personal transaction or communication between him and a witness called to testify as to the same in behalf of such interested party. The language is so clear that very little is left to interpretation. Obviously, it is the duty of the Court to give effect to the legislative will so expressed. *Halyburton* v. *Dobson*, 65 N. C.. 88; *Bullard* v. *Bullard*, 75 N. C., 190; *Tobacco Co.* v. *McElwee*, 100 N. C., 150.

The plaintiff offered, on the trial, to prove by the witness Wheeler that he and his deceased son purchased from the witness the land in controversy. He plainly claims an "interest" in it against the defendants, who are heirs at law of his deceased son, by virtue of the purchase from the witness; he alleges that he paid to him part of the purchase 'money, hence, he "derives his interest" in the land, whether it be legal or equitable, from the witness, through the deceased son—the witness is the source of his interest, whatever it may be. It was proposed to have the witness testify as to a personal transaction or communication between himself and the deceased son, the father of the defendants, who claim under him. Nothing to the contrary appearing, it was proposed to prove such a transaction— this is the just implication. If it were not such, the plaintiff should have so shown, and rendered the witness competent. It might possibly be that the son was not present at the purchase; that the witness did not communicate with him on the subject, and if this was so, the plaintiff had the right to prove the fact if he could. So far as appears, the witness was not competent to prove the purchase of the land, as proposed by the plaintiff, because the purchase was a personal transaction with the deceased father of the defendants, who claim under and derive their title from him, and because the plaintiff, claiming adversely to the defendants, derives his interest in the land from the witness, as do,

also, the defendants. The first exception is, therefore, unfounded. *Lockhart* v. *Bell*, 90 N. C., 499; *Waddell* v. *Swan* 91 N. C., 105; *Sykes* v. *Parker*, 95 N. C., 232.

For the like reasons, the second exception cannot be sustained. The transaction which the plaintiff proposed to prove by the witness Roycroft was a personal one as between him and the deceased son. The plaintiff alleges that the money borrowed—the payment of which was secured by the mortgage of the land—was thus obtained, and was used to pay the purchase money of it. He proposed to prove by the witness that he paid part of the mortgage debt, and thus, in effect, paid partly, if not wholly, for his interest in the land. Thus, in a material sense, he "derived his interest" in the land, from the vendor to the son, through the latter, and, also, through the witness, the mortgagor. If the deceased son were alive, he might contradict the witness by testifying that the plaintiff did not pay part of the mortgage debt—that he paid the whole thereof himself.

The third exception must be sustained. It may be that the wife of the plaintiff might have an interest in the result of the action, but it was not proposed to prove by her "a personal transaction or communication" between her and the deceased son. So far as appears, the latter was not present at the time of the payment of the money by his father to the vendor Wheeler, and knew nothing of it. If he were alive, so far as appears, he could not contradict this witness. It was competent to prove by her what the plaintiff proposed to prove.

There is, therefore, error. The plaintiff is entitle to a new trial.

Error.