### J. L. SHERRILL v. B. M. WILHELM.

(Filed 21 December, 1921.)

**Evidence—Deceased Persons—Statutes—Title—Common Source—Parol Trusts.**

Where a suit seeks to engraft on the title of the grantee in the deed to land a parol trust in favor of the plaintiff, upon condition that he pay the purchase price and receive the title, the grantor, after the death of the holder of the legal title, is incompetent as a witness in plaintiff's favor to testify to the facts relied upon by him, being the common source of title of the plaintiff and the deceased, under whom the defendant claims. C. S., 1795.

APPEAL by defendant from *McElroy, J.,* at August Term, 1921, from IREDELL.

Civil action to recover possession of a tract of land under an alleged parol agreement, whereby the plaintiff contends that the *locus in quo* was purchased by him from one R. J. Plott, title taken in the name of

43—182

Dr. W. W. Wilhelm, now deceased, who had advanced a part of the purchase money with the understanding that deed would be made to plaintiff upon the repayment of the amount borrowed or advanced. Plaintiff alleges that the entire purchase price was paid by him to Dr. Wilhelm before his death, but that the deceased neglected to have any conveyance of the land executed to him in accordance with his agreement.

Upon the trial R. J. Plott was allowed to testify, over the defendant's objection, to certain personal transactions and communications which he had with the deceased in regard to purchasing the land for plaintiff, as follows: "He (Dr. Wilhelm) said he wanted to buy the land for John Sherrill. When I went to make the deed, I asked whether it should be made to him or to Sherrill. He said, 'Make the deed to me, and when Sherrill finishes paying for it, I will make him a deed.' The deed was made with this understanding at the time he asked me about the price, and when he told me Sherrill wanted him to buy the land for him, he said he owed Sherrill some amount."

There was a verdict and judgment in favor of plaintiff, and the defendant appealed.

*D. L. Raymer and H. P. Grier for plaintiff.*
*W. D. Turner and Dorman Thompson for defendant.*

STACY, J. Plaintiff contends that the evidence of R. J. Plott in regard to the personal transactions and communications which he had with Dr. Wilhelm, the deceased, concerning the purchase of the land in question for plaintiff, etc., is incompetent under C. S., 1795, and should have been excluded. It will be observed that Plott is the common grantor from, through, or under whom both parties claim title, mediately or immediately, "by assignment or otherwise," to the *locus in quo.* Thus it would seem that the evidence given by the witness falls directly within the inhibition of the statute, being offered, as it is, against the defendant, who also derives his title or interest "from, through, or under a deceased person," to wit, Dr. Wilhelm, the party with whom the witness had the personal transactions and communications, and about which he testified over objection by the defendant. *Sorrell v. McGehee,* 178 N. C., 279; *Irvin v. R. R.,* 164 N. C., 6; *Bunn v. Todd,* 107 N. C., 266.

Practically the same question here presented arose in the case of *Carey v. Carey,* 104 N. C., 171, and it was there decided that evidence similar to that now under consideration was properly ruled out. The Court saying: "The plaintiff offered, on the trial, to prove by the witness Wheeler that he and his deceased son purchased from the witness the land in controversy. He plainly claims an 'interest' in it against the

defendants, who are heirs at law of his deceased son, by virtue of the purchase from the witness; he alleges that he paid to him part of the purchase money; hence, he 'derives his interest' in the land, whether it be legal or equitable, from the witness, through the deceased son—the witness is the source of his interest, whatever it may be. It was proposed to have the witness testify as to a personal transaction or communication between himself and the deceased son, the father of the defendants, who claim under him. Nothing to the contrary appearing, it was proposed to prove such a transaction—this is just implication. If it were not such, the plaintiff should have so shown, and rendered the witness competent. It might possibly be that the son was not present at the purchase; that the witness did not communicate with him on the subject, and if this was so, the plaintiff had the right to prove the fact if he could. So far as appears, the witness was not competent to prove the purchase of the land, as proposed by the plaintiff, because the purchase was a personal transaction with the deceased father of the defendants, who claim under and derive their title from him, and because the plaintiff, claiming adversely to the defendants, derives his interest in the land from the witness, as do, also, the defendants."

It is true this case was modified, in part, on a second appeal, 108 N. C., 271, but not in respect to the above ruling.

We think a fair test in undertaking to ascertain what is a "personal transaction or communication" with the deceased about which the other party to it cannot testify is to inquire whether, in case the witness testify falsely, the deceased, if living, could contradict it of his own knowledge. *Carey v. Carey, supra.* Death having closed the mouth of one of the parties, it is but meet that the law should not permit the other to speak of those matters which are forbidden by the statute. Men quite often understand and interpret personal transactions and communications differently, at best; and the Legislature, in its wisdom, has declared that an *ex parte* statement of such matters shall not be received in evidence. Such is the law as it is written, and we must obey its mandates.

Applying these principles, as previously declared, it would seem that the evidence of the witness Plott, which forms the basis of defendant's second exception, should have been excluded. For the error in receiving same over objection made in apt time, a new trial must be granted, and it is so ordered.

New trial.