DORIES EUGENE DAVIS v. FRANK S. PEARSON, Administrator of
MARIE PEARSON.

(Filed 8 October, 1941.)

**1. Evidence § 32—**

A party, as witness in his own behalf, may not testify against the administrator of a deceased person as to transactions with the deceased which are essential or material in establishing liability against the estate. C. S., 1795.

**2. Same—**

In this action against an administrator to recover for personal injuries, defendant filed answer alleging that at the time of the accident causing injury to plaintiff and death of intestate, plaintiff and not intestate was driving the car.   *Held:* Plaintiff's testimony that he was unable to drive a car and that at the time of the accident he and one other person were in the car, when taken in 'connection with other evidence tending to show that intestate was such other person and customarily drove the car, is within the prohibition of C. S., 1795, as being of a transaction with a deceased person material in establishing liability on the part of the estate.

CIVIL ACTION to recover damages for personal injury, tried before *Phillips, J.,* at June Term, 1941, of WILKES.

It is alleged in the complaint that the plaintiff, a young man of 21 years of age, was riding in the automobile of the defendant's intestate, driven by her, a young woman of about the same age, on the late evening of 26 December, 1938, from North Wilkesboro to Statesville; that the automobile was operated at a negligent and unlawful rate of speed, causing it to leave the highway, miss a bridge and land in a creek, thereby injuring the plaintiff and killing the defendant's intestate.

It is denied in the answer that the defendant's intestate was driving the automobile and averred that the plaintiff was driving it; and it is also denied that the automobile was being operated in a negligent and unlawful manner at the time alleged.

The jury answered the issues as to the actionable negligence of the defendant's intestate and the damage of the plaintiff in favor of the plaintiff, and from judgment predicated on the verdict the defendant appealed, assigning errors.

*Trivette & Holshouser and W. H. McElwee for plaintiff, appellee.*
*Hayes & Hayes for defendant, appellant.*

SCHENCK, J.   The plaintiff, over objection of the defendant, was permitted to testify, in substance, that neither before nor after 26 December, 1938, was he able to operate an automobile; that about 6 o'clock in the afternoon of that day he started from North Wilkesboro to Statesville in an automobile, that there were two people in the automobile, that he went as far as Snow Creek, and the last thing he remembers was he went off in a trance or something like sleep, that it was dark and he could not see anything, that he went off of the road and was knocked unconscious, that he went off the road "where the curve begins right above the bridge," that the road was wet and it was raining and foggy at the time, that there is an extremely steep hill for about 50 yards before the road reaches the bridge; that when he came to after the automobile ran into the creek he was lodged on a rock, that he could not walk and was helped up and carried to the hospital; that the automobile in which he was riding was a blue Packard 1938 or 1939.

Following the testimony of the plaintiff he offered further evidence tending to show that the automobile in which he was riding, a blue Packard, was the automobile of the defendant's intestate, that she was in the automobile at the time, that the plaintiff did not drive an automobile, and that the intestate was seen driving this automobile at other times prior to 26 December, 1938, and that the body of the intestate was found near where the automobile landed in the creek.

The question presented is: Was the testimony of the plaintiff concerning a personal transaction between him and the defendant's intestate

within the contemplation of C. S., 1795? We are of the opinion, and so hold, that the answer is in the affirmative. The transactions contemplated by the statute and concerning which a party to an action is prohibited from being examined as a witness in his own behalf against the administrator of a deceased person are such transactions as are essential or material links in the chain establishing liability against the estate of such deceased person. *Boyd v. Williams,* 207 N. C., 30, 175 S. E., 832.

While it is true the plaintiff did not testify directly that he was riding in an automobile operated by the defendant's intestate, he did testify that he was riding in an automobile in which there were only two persons, and offered other evidence tending to prove that the defendant's intestate was the other person than himself in the automobile and that he did not operate an automobile and that the defendant's intestate did. His testimony that he did not operate an automobile but was riding in an automobile with another person was at least material, if not essential, to the establishment of his case, and was therefore concerning a transaction between the witness, a party, and a deceased person, the defendant's intestate, as contemplated by the statute. "Indeed, an analysis of many cases leads to the conclusion that, where the transactions and communications become an essential *or* material link in the chain establishing liability against the defendant, the philosophy of the statute, as interpreted and applied in the decisions, would exclude them from the consideration of the jury." *Boyd v. Williams, supra.*

Holding as we do that the admission of testimony of the plaintiff above delineated was error, there must be a

New trial.