MRS. ISAIAH CARSWELL, ADMINISTRATRIX OF THE ESTATE OF WILLIAM CONLEY CARSWELL, DECEASED v. DENNIS L. GREENE, MINOR, BY HIS GUARDIAN AD LITEM VERNE S. GREENE, AND VERNE S. GREENE, IDIVIDUALLY.

(Filed 2 November, 1960.)

**1. Appeal and Error § 20—**

Any error relating to an issue answered in favor of appellant cannot be prejudicial to him.

**2. Evidence § 11—**

In an action to establish a claim either in contract or in tort against the estate of a deceased person, the surviving party, or one in privity with him, is precluded by G.S. 8-51 from testifying in his own behalf with respect to *personal transactions and communications between him and the deceased.*

3. Same—

G.S. 8-51 does not preclude a party from testifying as to substantive facts about which he has independent knowledge not acquired in a communication or transaction with a deceased person, and therefore an occupant in one car may testify as to what he saw with respect to the operation of another vehicle in an action against the estate of the driver of such other vehicle.

4. Same—

Where, in an action against the estate of a deceased person to recover for negligent injury, the defendant introduces testimony of the acts of both' drivers before and at the time of the collision, the defendant may not complain of testimony by plaintiff as to plaintiff's version of the transaction.

APPEAL by plaintiff from Nettles, E. J., March 1960 Term, BURKE Superior Court.

Civil action to recover for the wrongful death of William Conley Carswell and damage to his Ford automobile alleged to have been caused by the actionable negligence in the operation of a Dodge truck owned by Verne S. Greene and driven by Dennis L. Greene. A sideswiping collision occurred between the two vehicles at about 7:00 p.m., November 20, 1958, on the Enola Road in Burke County. William Conley Carswell was killed in the accident.

The plaintiff's intestate, William Conley Carswell, approached the point of collision driving west, meeting Dennis L. Greene driving east, downgrade, after passing a curve.

In the pleadings, consisting of complaint, answer, counterclaim, and reply, each party alleged the accident was caused entirely by the negligent acts of the other driver; and each party offered evidence tending to support the allegations of his pleading. The court submitted the following issues raised by the pleadings:

"1. Was the death of William Conley Carswell caused by the negligence of Dennis L. Greene, as alleged in the Complaint?

"2. Was the personal property of the deceased William Conley Carswell damaged by the negligence of the defendant Dennis L. Greene, as alleged in the Complaint?

"3. Did plaintiff's intestate by his own negligence contribute to his death and damage, as alleged in the Answer?

"4. What amount, if any, is the plaintiff entitled to recover of the defendants for her intestate's wrongful death?

"5. What amount, if any, is the plaintiff entitled to recover of the defendants for damages to her intestate's car?

"6. Was the defendant Verne S. Greene's truck damaged by

the negligence of plaintiff's intestate, William Conley Carswell, as alleged in the Counterclaim?

"7. Did the defendant Verne S. Greene, by the negligence of Dennis L. Greene, contribute to his damages?

"8. What amount, if any, is the defendant Verne S. Greene entitled to recover of the plaintiff's intestate?"

The jury found the defendant driver negligent and the plaintiff's intestate contributorily negligent. From the court's judgment that neither recover and that the plaintiff be taxed with the costs, she appealed.

*C. D. Swift, Byrd & Byrd, By Robert B. Byrd, for plaintiff, appellant.*

*Patton & Ervin, By Sam J. Ervin, III, for defendants, appellees.*

HIGGINS, J.  The evidence offered by the parties was sufficient to require the court to submit to the jury issues of negligence, contributory negligence, and damages for wrongful death and for damages to the two vehicles involved.

The plaintiff assigns as Error No. 3 the court's refusal to nonsuit Verne S. Greene's counterclaim; and as Error No. 9 its refusal to set aside the verdict; and No. 10 to the signing of the judgment. Neither of these assignments can be sustained.

Plaintiff's assignment No. 5 relates to the charge on the issue of contributory negligence. Assignment No. 6 involved the court's instruction as to how and under what circumstances the jury should arrive at its answer to each of the issues, to be considered in numerical order. The instructions are in accordance with the holdings of this Court and are free from error. To repeat the charge and to discuss the sustaining cases would add nothing new to a subject which this Court has heretofore fully explored.

Assignments 7 and 8 relate to the court's further instructions given to the jury after it had returned to the courtroom and inquired of the court: "Can we answer the sixth and seventh both? . . . What we are trying to say, if we find both of them negligent — negligence on both sides?" The court repeated the substance of the instructions previously given and, as already stated, error with respect thereto does not appear.

Plaintiff's Assignment No. 4 challenges the charge on the first issue — negligence of defendant Dennis L. Greene. If it be conceded, as plaintiff contends, the charge placed upon her a burden some-

what heavier than properly required (see *Price v. Gray*, 246 N.C. 162, 97 S.E. 2d 844) nevertheless the error is not prejudicial. The jury answered the issue in her favor.

Left for consideration are plaintiff's Assignments 1 and 2. These relate to the same subject and may be treated together. The first assignment is based on the exception to the refusal of the court to exclude the testimony of the defendant Dennis L. Greene with reference to the speed, position, and the manner in which the intestate's Ford was being operated just prior to and at the time of the collision. Assignment No. 2 is to the refusal of the court, upon motion subsequently made, to strike the testimony of Dennis L. Greene. The plaintiff objected to the testimony upon three grounds: (1) The witness is a party to the action; (2) he testified in his own behalf against the personal representative of the deceased; (3) the testimony concerned a personal transaction between the witness and a deceased person.

The plaintiff, in support of her assignments of error principally relied on, cited the following authorities: G.S. 8-51; *Lamm v. Gardner*, 250 N.C. 540, 108 S.E. 2d 847; *Stegall v. Sledge*, 247 N.C. 718, 102 S.E. 2d 115; *Hardison v. Gregory*, 242 N.C. 324, 88 S.E. 2d 96; *Peek v. Shook*, 233 N.C. 259, 63 S.E. 2d 542; *Davis v. Pearson*, 220 N.C. 163, 16 S.E. 2d 655; *Boyd v. Williams*, 207 N.C. 30, 175 S.E. 832; *Sherrill v. Wilhelm*, 182 N.C. 673, 110 S.E. 95; and *Brown v. Adams*, 174 N.C. 490, 93 S.E. 989.

The reasoning behind G.S. 8-51 and the decided cases thereunder, is succinctly stated by *Stacy, J.*, later *C. J.*, in *Sherrill v. Wilhelm, supra:* "Death having closed the mouth of one of the parties, (with respect to a personal transaction or communication) it is but meet that the law should not permit the other to speak of those matters which are forbidden by the statute. Men quite often understand and interpret personal transactions and communications differently, at best; and the Legislature, in its wisdom, has declared that an *ex parte* statement of such matters shall not be received in evidence."

The statute and the cases cited prohibit the surviving party from testifying in his own behalf with respect to personal transactions and communications between him and a deceased person in an action in which the survivor seeks to establish a claim either in contract or in tort against the estate of the deceased. The exclusion extends to privies as well as to parties. *Loftin v. Loftin*, 96 N.C. 94, 1 S.E. 837.

The decisions of this Court have gone a long way in excluding evidence of a surviving passenger in his action against the estate of

the deceased driver based on driver negligence. Our, cases, however, have never gone so far as to exclude the evidence of a survivor as to what he saw with respect to the operation of a separate vehicle with which he had a collision. A party may testify to substantive facts about which he has independent knowledge not acquired in a communication from nor a transaction with the deceased. *Hardison v. Gregory, supra; Sutton v. Wells,* 175 N.C. 1, 94 S.E. 688; *McCall v. Wilson,* 101 N.C. 598, 8 S.E. 225.

The law that an interested survivor to a personal transaction or communication cannot testify with respect thereto against the dead man's estate is intended as a shield to protect against fraudulent and unfounded claims. It is not intended as a sword with which the estate may attack the survivor. In this case Howard Carswell, nephew of the intestate, was a passenger in the Ford driven by the deceased. He was examined as a witness for the plaintiff. Among other things, he testified, "We saw this Greene boy coming towards us . . . Conley, (the deceased) cut the car to the right of the road. When this wreck occurred, the car in which I was riding was on the right. I saw the lights coming. . . . The lights of the truck just before the wreck, it was coming down the hill; just before the wreck it was on the right, too. . . . It was on our side of the road. At the time of the wreck, when this truck and car hit each other, the car in which I was riding was on the right side. The truck was on the right when the two vehicles ran together." On our right.

The personal representative of the deceased, in order to establish her claim for damages, offered the evidence of the deceased's nephew as to the acts of both drivers before and at the time of the wreck. She cannot thereafter offer legal objection to the testimony of one of the defendants as to his version of the accident. As stated by *Justice Stacy* in *Sherrill v. Wilhelm, supra,* "an *ex parte* statement of such matters shall not be received in evidence." The term *"ex parte* means by one party, or by one side." After the administratrix offered the evidence of Howard Carswell the dispute then became a two-sided affair and not an *ex parte* one, and Dennis Greene had the right to present his side. In offering the evidence of Howard Carswell and objecting to the evidence of Dennis Greene, the plaintiff sought to pick up the shield, having first used the sword. This the law does not permit.

There was evidence, both oral and physical, indicating the vehicles collided about the middle of the road. The jury found both drivers at fault. We have examined all assignments of error and all the North Carolina cases cited in support thereof. In the trial below, we find

No error.