BILLY JOE THARPE, BY AND THROUGH HIS NEXT FRIEND, CLERO THARPE, v. PAULINE D. NEWMAN.

(Filed 2 May 1962.)

**1. Automobiles §§ 37, 41p;    Evidence § 11—**

Where it appears that each of two occupants of an automobile had successively driven the car on the night in question, and that the car was involved in an accident which killed one of them, testimony of the survivor as to the identity of the driver immediately preceding the wreck involves their relation *inter se* and constitutes a personal transaction between them within the meaning of G.S. 8-51.

**2. Same—**

Testimony of the surviving occupant of a car tending to show that the other occupant, killed in the accident, was driving at that time is incompetent in an action by the survivor against the owner of the vehicle, sought to be held liable under the doctrine of agency, since the owner, af-

ter having paid such liability, would have a right of action against the estate of the deceased, and therefore the transaction comes within the spirit if not the letter of G.S. 8-51.

HIGGINS, J., dissents.

APPEAL by plaintiff from *Crissman, J.,* January Term 1962 of WILKES.

Plaintiff alleged he sustained personal injuries January 5, 1961; that his injuries were proximately caused by the negligent operation of a 1954 Ford by Robert Newman, defendant's husband, in which plaintiff was a guest passenger; that Robert Newman, by reason of his negligence, lost control of the car, ran off the road, struck an apple tree and wrecked the car; that defendant was the registered owner of the 1954 Ford; that Robert Newman was operating the 1954 Ford as the agent and servant of defendant; and that the negligence of Robert Newman, in law, is imputable to defendant.

Answering, defendant admitted she was the registered owner of the 1954 Ford. Apart from this admission, she denied all of plaintiff's material allegations. As further defenses she alleged, upon information and belief, that plaintiff was driving the 1954 Ford when the wreck occurred; but, if not, plaintiff was guilty of contributory negligence in failing to protest the negligent operation thereof by Robert Newman.

In January, 1961, when this action was instituted, plaintiff was a minor, being twenty years of age. Robert Newman, whose age is not shown, died as the result of injuries sustained in the wreck.

Witnesses, who came to the scene shortly after the wreck, testified as to the position and condition of the car and of plaintiff and of Robert Newman; that the wreck occurred about 8:30 p.m.; that plaintiff and Robert Newman were the only persons found in or near the wreckage; and that the 1954 Ford, of which defendant was the registered owner, was the automobile involved in the wreck.

Plaintiff testified, without objection, that, about 2:30 p.m. in the driveway of his parents' home, he got into a 1954 Ford with Robert Newman, and that they went to Arnie Walls' (store) and from there to Shepherd's Crossroads.

The court excluded the proffered testimony of plaintiff tending to show these facts: When they left Arnie Walls' store "about 7:00 or 7:30," plaintiff was driving. He drove up the road toward Trap Hill a quarter of a mile, pulled off the road and stopped. He got out of the car, walked around and got in on the other side, at which time "this other guy" started to drive. Thereafter, Robert Newman was the driver. Plaintiff was riding as a passenger on the front seat. Rob-

ert Newman turned the car around and went back down the road. He operated the car at a speed of between seventy and eighty miles per hour and lost control of the car. The car first ran off the paved portion of the road onto the right shoulder, skidded, was pulled back onto the road, went across the road and finally struck an apple tree beyond the left shoulder of the road. Plaintiff excepted to the court's exclusion of this proffered testimony.

As evidence of the alleged agency, plaintiff relied solely on G.S. 20-71.1.

At the conclusion of plaintiff's evidence, the court, granting defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*McElwee & Hall and Richard A. Vestal for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson, W. F. Maready and Allen, Henderson & Williams for defendant appellee.*

BOBBITT, J. Apart from plaintiff's proffered testimony, the evidence is deemed insufficient to support a finding that Robert Newman was driving the car when the wreck occurred. Whether the judgment of nonsuit should be affirmed depends upon whether the excluded testimony of plaintiff was competent.

The court, based on G.S. 8-51 and our decisions in *Boyd v. Williams,* 207 N.C. 30, 175 S.E. 832, and *Davis v. Pearson,* 220 N.C. 163, 16 S.E. 2d 655, held plaintiff's testimony would be incompetent if offered in an action by plaintiff against the personal representative of Robert Newman to recover damages for the injuries plaintiff sustained in said wreck. This being so, the court was of opinion that since defendant's liability, if any, arises solely under the doctrine of *respondeat superior,* the estate of the deceased was substantially and adversely affected, and therefore the testimony was incompetent.

In *Boyd v. Williams, supra,* the plaintiff's action was against the administrator of her husband's estate. The plaintiff testified, without objection, that she sustained injuries while a passenger in a car operated by her deceased husband. On appeal, it was held that the plaintiff's further testimony, to which the defendant had objected, which tended to show her husband had operated the car in a negligent manner, was incompetent under G.S. 8-51 (then C.S. 1795) and should have been excluded. It was held that the plaintiff's said further testimony concerned a personal transaction between the plaintiff and her deceased husband.

In *Davis v. Pearson, supra,* the plaintiff's action was against the administrator of the alleged driver of an automobile in which the plain-

tiff was riding. As part of the evidence tending to show the defendant's intestate was the driver, the plaintiff was permitted to testify, over the defendant's objection, that there were only two persons in the car when the accident occurred and that he (the plaintiff) was unable to operate an automobile. A new trial was awarded for error in admitting the plaintiff's said testimony. The opinion states: "While it is true the plaintiff did not testify directly that he was riding in an automobile operated by the defendant's intestate, he did testify that he was riding in an automobile in which there were only two persons, and offered other evidence tending to prove that the defendant's intestate was the other person than himself in the automobile and that he did not operate an automobile and that the defendant's intestate did." It was held that the plaintiff's said testimony concerned a personal transaction between him and the defendant's intestate within the meaning of C.S. 1795.

In *Davis v. Pearson, supra,* emphasis is placed upon that portion of the opinion in *Boyd v. Williams, supra,* in which it is stated that "where the transactions and communications become an essential *or* material link in the chain establishing liability against the defendant, the philosophy of the statute, as interpreted and applied in the decisions, would exclude them from the consideration of the jury."

In *Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115, this Court considered, but declined, the appellant's request that we overrule *Boyd v. Williams, supra,* and *Davis v. Pearson, supra.*

*Carswell v. Greene,* 253 N.C. 266, 116 S.E. 2d 801, involved an action and cross action between the administratrix of Carswell, the driver of one of the two vehicles involved in a collision, and Greene, the driver of the other vehicle. It was held that Greene's testimony as to the manner in which Carswell was driving was competent and properly admitted. This Court, in opinion by *Higgins, J.,* said: "The decisions of this Court have gone a long way in excluding evidence of a surviving passenger in his action against the estate of the deceased driver based on driver negligence. Our cases, however, have never gone so far as to exclude the evidence of a survivor as to what he saw with respect to the operation of a separate vehicle with which he had a collision. A party may testify to substantive facts about which he has independent knowledge not acquired in a communication from nor a transaction with the deceased."

Apart from differences in statutory provisions (see Wigmore on Evidence, Third Edition, Vol. II, § 488), the decisions in other jurisdictions cannot be reconciled. Many decisions turn upon the meaning given the word "transaction." 58 Am. Jur., Witnesses § 250; 97 C.J.S., Witnesses § 215(7); Blashfield, Cyclopedia of Automobile Law and

Practice, Permanent Edition, Vol. 9C, § 6325; Annotation, "Testimony to facts of automobile accident as testimony to a 'transaction' or 'communication' with a deceased person, within dead man statute," 80 A.L.R. 2d 1296 et seq., § 2.

While there is authority contra, well considered recent decisions, referring to a similar factual situation, are in accord with Carswell v. Greene, supra. Harper v. Johnson (Tex. 1961), 345 S.W. 2d 277; Shaneybrook v. Blizzard (Md. 1956), 121 A. 2d 218; Gibson v. McDonald (Ala. 1956), 91 So. 2d 679; Annotation, supra, § 3. In Harper v. Johnson, supra, Justice Hamilton states: ". . . we are unable to say that the statute was ever intended to include the circumstances surrounding an involuntary and fortuitous collision between two motor vehicles driven by two complete strangers."

Comparatively few cases refer to the factual situation considered in Boyd v. Williams, supra, and Davis v. Pearson, supra, that is, where the action is by an alleged passenger against the estate of the alleged driver. In accord with our decisions: Stephens v. Short (Wyo. 1930), 285 P. 797; Rogers v. Carmichael (Ga. 1938), 198 S.E. 318; Sollinger v. Himchak (Pa. 1961), 166 A. 2d 531. Contra: Krantz v. Krantz (Wis. 1933), 248 N.W. 155; Christofiel v. Johnson (Tenn. 1956), 290 S.W. 2d 215; Annotation, supra, § 4. In Krantz, decision is based on the view that the statute refers to "a mutual transaction between the deceased and the witness who survives, in which both, the survivor, as well as the deceased, actively participated."

It is not admitted, nor does it appear from independent evidence, that Robert Newman was the driver of the 1954 Ford when the wreck occurred. As in Davis v. Pearson, supra, whether plaintiff or Robert Newman was the driver is a crucial issue raised by the pleadings. Testimony as to the way and manner in which the 1954 Ford was operated is of no avail unless and until competent evidence tending to show Robert Newman was the driver is offered.

Clearly, plaintiff's proffered testimony to the effect that he, while driving the 1954 Ford, stopped by the side of the road, at which time he and Robert Newman exchanged positions in the car and Robert Newman took over the driving, involved a personal transaction between them in which both participated. It appears from plaintiff's proffered testimony that the two men had been together in the 1954 Ford, off and on, since 2:30 p.m. and that each had driven the car prior to the wreck. Whether plaintiff's proffered testimony to the effect Robert Newman was the driver on the occasion of the wreck is competent must be considered in the light of their transactions preceding the wreck.

It is sufficient to say that, when it appears that a car occupied by

two persons is involved in a wreck, and in their associations preceding the wreck each occupant has operated the car, testimony of the survivor as to what occurred between them, bearing upon the identity of the driver immediately preceding the wreck, involves their relations *inter se* and constitutes a personal transaction between them within the meaning of G.S. 8-51. Under these circumstances, the surviving occupant, in an action against the estate of the deceased occupant, is an incompetent witness as to the identity of the driver immediately preceding and at the time of the wreck.

Under the factual situation here presented, the court, in accord with *Davis v. Pearson, supra,* correctly ruled that the excluded evidence would be incompetent if offered in an action by plaintiff against the estate of Robert Newman.

There remains for consideration whether, if incompetent in an action against the estate of Robert Newman, the excluded evidence is also incompetent as against defendant herein.

This court has held, as pointed out by plaintiff, that G.S. 8-51 does not render an interested witness incompetent to testify "to a transaction between himself and a deceased agent of his opponent." Stansbury, North Carolina Evidence, § 74; *Bailey v. Westmoreland,* 251 N.C. 843, 847, 112 S.E. 2d 517, and cases cited. But this rule has been applied only in factual situations where the deceased agent was not personally liable in respect of the alleged cause of action. It has no application where the liability, if any, of the principal, rests solely on the alleged tortious acts of the agent under the doctrine of *respondeat superior.*

In *Bryant v. Morris,* 69 N.C. 444, plaintiff's action was against a surety on the bond of a deceased constable. The court admitted, over objection, a plaintiff's testimony as to his personal transactions with the deceased constable. The opinion of *Reade, J.,* quoted and applied by *Walker, J.,* in *McGowan v. Davenport,* 134 N.C. 526, 47 S.E. 27, is as follows:

> "If the plaintiff had sued the administrator of the dead constable he could not have testified as to any transaction between him and the deceased so as to affect his estate. C.C.P., sec. 343.
>
> "But the defendant is not sued as administrator, but as surety of the dead constable, and the question is whether the plaintiff can testify as to transactions between himself and the deceased which affect the defendant as his surety. It is said that he ought not to be allowed to do this because whatever he recovers of the defendant as surety the defendant can recover of the estate of the deceased constable.

"This would seem to be so; and therefore to allow the evidence against the surety is to allow it indirectly against the principal, which is the evil meant to be guarded against by the exception in the statute. So that while the objection to the evidence is not within the *letter,* it is within the *spirit* of the statute. *Halliburton v. Dobson,* 65 N.C. 88; *Isenhour v. Isenhour,* 64 N.C. 640. There is error."

The reasoning underlying *Bryant v. Morris, supra,* and *McGowan v. Davenport, supra,* is equally applicable to the present factual situation.

"An implied right to indemnity is also raised in favor of a principal held responsible for injuries to a third person caused by the unauthorized and wrongful or negligent act of his agent." 27 Am. Jur., Indemnity § 19. In accord: *Newsome v. Surratt,* 237 N.C. 297, 300, 74 S.E. 2d 732, and cases cited; *Hayes v. Wilmington,* 243 N.C. 525, 543, 91 S.E. 2d 673, and cases cited. This statement of *Walker, J.,* in *McGowan v. Davenport, supra,* is apposite: "Any testimony therefore which makes against her will, in a material respect and in the same degree, though indirectly, affect her husband's estate. The plaintiff being a party and directly interested in the result, was incompetent to give this testimony." In this connection, see *Kramer v. Morgan,* 85 F. 2d 96; also, *Stephens v. Short, supra.*

We have considered the Missouri decisions, *Freeman v. Berberich,* 60 S.W. 2d 393, and *Grim v. Gargis,* 303 S.W. 2d 43, cited by plaintiff in support of his contention. However, in line with our decisions in *Bryant v. Morris, supra,* and *McGowan v. Davenport, supra,* the conclusion reached is that, under the factual situation here considered, plaintiff's proffered testimony, as to defendant, is within the spirit if not within the letter of G.S. 8-51 and was properly excluded.

Affirmed.

HIGGINS, J., dissents.