In the Matter of the Will of WILLIAM SMITH LANYON LAMPARTER, Deceased

No. 354A97

(Filed 3 April 1998)

**Evidence and Witnesses § 2602 (NCI4th)— holographic will— caveat—testimony by interested witnesses—improper**

The trial court erred in a caveat to a holographic will by permitting the caveators' five interested witnesses to testify as to conversations they had with decedent in his final years about his plans to write a new will and about specific bequests he planned to include. An exception to the Dead Man's Statute has evolved through case law which allows beneficiaries to testify as to the three material elements of a holographic will, and that exception

**IN RE WILL OF LAMPARTER**

[348 N.C. 45 (1998)]

has been codified in N.C.G.S. § 31-10. However, this statutory exception is specifically limited to testimony about such material facts as may establish a holographic will as valid; the legislature did not intend to alter the long-standing rule that beneficiaries under a contested will are not competent witnesses to testify as to oral communications with the deceased which tend to answer the ultimate question for the jury. N.C.G.S. § 8C-1, Rule 601(c).

Appeal by respondents pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 126 N.C. App. 593, 486 S.E.2d 458 (1997), affirming a judgment entered by Caldwell, J., on 15 December 1995, in Superior Court, Catawba County. Heard in the Supreme Court 15 December 1997.

*Tate, Young, Morphis, Bach & Taylor, L.L.P., by Terry M. Taylor, Thomas C. Morphis and T. Dean Amos; and Hunter, Wharton & Stroupe, L.L.P., by John V. Hunter, III, for caveator-appellees.*

*Maxwell, Freeman & Bowman, P.A., by James B. Maxwell, for respondent-appellants.*

LAKE, Justice.

This appeal presents the single issue of whether beneficiaries under a holographic will may testify in a caveat proceeding as to oral communications between themselves and the decedent with regard to the testator's intent to make a new will or about specific bequests to be contained in a new will. The Court of Appeals majority concluded that Rule 601(c) of the North Carolina Rules of Evidence, the Dead Man's Statute, does not disqualify interested beneficiaries from testifying with regard to oral communications between themselves and the decedent. The Court of Appeals thus sustained the judgment of the trial court, thereby invalidating the original will under which the respondents, Duke University and Rutgers Preparatory School, were principal beneficiaries. For the reasons stated below, we reverse the decision of the Court of Appeals.

Decedent, William Smith Lanyon Lamparter, was born 1 July 1926. He graduated from Rutgers Preparatory School and Duke University. The decedent never married and had no children. He died with an estate valued at approximately one million dollars. On 10 March 1980, decedent executed an attested will in which he provided support for his mother during her lifetime. Duke University and Rutgers were the primary residuary beneficiaries. Mr. Lamparter also

**IN RE WILL OF LAMPARTER**

[348 N.C. 45 (1998)]

made bequests to many friends and relatives including his cousin, Nadine Lanyon Smith Rogel; her son; and other caveators in this action. Decedent kept a copy of his will in his home and provided copies to Rogel and C. Walton Hamilton, the named co-executors in the will; his attorney, F. Gwynn Harper, Jr.; and his accountant, Joanne Linda Waxman. .

Decedent's mother died in 1980. In 1985, decedent prepared a document entirely in his own handwriting entitled, "Codicil to My Will," which was dated and signed. In 1986, decedent made some minor modifications to his 1985 codicil, dating and signing each modification. In the late 1980s, decedent underwent surgery for cancer and thereafter spent his time in a chair in his study surrounded by his papers, bills, books and mail. In the latter years of decedent's life, he had discussions with his attorney and with Ms. Waxman with regard to changing his will and with regard to what would be legally necessary to prepare a new will.

In January 1992, decedent's cancer returned, and he was hospitalized for the last time. Several of his friends and relatives, including Michael Koch and Nadine Rogel, went to decedent's home and found beside his chair in the study eight handwritten pages appearing to be a holographic will (hereinafter "undated memorandum"), which revoked all previously executed testamentary documents including the 1985 handwritten codicil. Decedent died two days later.

On 9 April 1992, the executrix named in the will, Nadine Rogel, filed with the Clerk of Superior Court, Catawba County, for probate the following documents: (1) the decedent's typed will dated 10 March 1980; (2) the handwritten document entitled "Codicil to My Will"; and (3) the eight-page undated memorandum, expressly revoking all previous wills and testaments. The clerk admitted the 1980 will to probate and issued Letters Testamentary to Ms. Rogel, as Executrix of the Estate of William Smith Lanyon Lamparter. On 15 September 1992, the executrix filed a declaratory judgment action, seeking a determination as to whether the decedent died testate and the effect of the two handwritten documents. The trial court held that the typed will and the handwritten codicil were valid and that the undated memorandum was invalid. On appeal, the Court of Appeals held that the trial court did not have subject matter jurisdiction to determine the validity of the will and vacated the judgment. *Rogel v. Johnson*, 114 N.C. App. 239, 441 S.E.2d 558, *disc. rev. denied*, 336 N.C. 609, 447 S.E.2d 401 (1994).

IN RE WILL OF LAMPARTER

[348 N.C. 45 (1998)]

On 13 October 1994, the caveators, nine individuals who were named beneficiaries under the undated memorandum, including decedent's cousins, friends and longtime housekeeper, filed this proceeding alleging that the undated memorandum was the decedent's last will and testament. The caveators amended their complaint to allege, in the alternative, that the purported handwritten codicil was a valid codicil to the probated 1980 will. Respondents, Duke University and Rutgers Preparatory School, filed a Rule 12(b)(6) motion to dismiss, and the caveators filed a motion for summary judgment. Both of these motions were denied.

At the commencement of trial, respondents made a motion *in limine*, pursuant to Rule 601 of the North Carolina Rules of Evidence, to prohibit the caveators from testifying as to conversations they had with decedent about his will. The trial court denied the motion on the ground that the intent of the testator is a relevant, material and competent fact to which the beneficiaries may testify in order to establish a valid holographic will, pursuant to N.C.G.S. § 31-10(b). At trial, for the purpose of showing the decedent's intent, the five witnesses for the caveators all testified to conversations they had with decedent in his final years about his plans to write a new will, and they further testified with regard to specific bequests he planned to include in this new will. Respondents repeatedly objected to such testimony. Over objection, Nadine Rogel was permitted to testify that in 1990, Mr. Lamparter "said he was going to change his will drastically, that there were people who were very, very caring to him through his illness, and that he wanted to remember them." Ms. Rogel continued to testify that Mr. Lamparter told her he would be including Frances Davenport, Rick Berry, and Terry and Rebekah Henderson in his will. In addition to this testimony, four caveators and beneficiaries under the undated memorandum—Frances Davenport, the housekeeper; Richard Berry; Terry Henderson; and Michael Koch—were also allowed to testify with regard to conversations they had with Mr. Lamparter concerning his intent to make a new will and his proposed specific bequests to be made therein.

At the close of the caveators' evidence, and again at the close of all the evidence, the parties moved for a directed verdict. All motions were denied. The jury found that the eight-page undated memorandum was indeed the last will and testament of the decedent, and on 15 December 1995, judgment was entered reflecting this verdict. Respondents appealed to the Court of Appeals, a majority of which upheld this judgment.

## IN RE WILL OF LAMPARTER

[348 N.C. 45 (1998)]

The North Carolina "Dead Man's Statute," formerly N.C.G.S. § 8-51 and now codified in Rule 601(c) of the Rules of Evidence, N.C.G.S. § 8C-1, Rule 601(c), has traditionally prohibited testimony involving both "transactions" and "communications" by individuals who would potentially benefit from the alleged statements of a deceased individual. *See In re Will of Lomax*, 226 N.C. 498, 39 S.E.2d 388 (1946); *In re Will of Brown*, 194 N.C. 583, 140 S.E. 192 (1927). The statute, or rule as now codified, is applicable only to oral communications between the party interested in the event and the deceased. The Dead Man's Statute was intended "as a shield to protect against fraudulent and unfounded claims." *Carswell v. Greene*, 253 N.C. 266, 270, 116 S.E.2d 801, 804 (1960). As this Court stated in *Carswell*:

> The reasoning behind G.S. 8-51 and the decided cases thereunder, is succinctly stated by Stacy, J., later C.J., in *Sherrill v. Wilhelm*, [182 N.C. 673, 675, 110 S.E. 95, 96 (1921)]: "Death having closed the mouth of one of the parties, (with respect to a personal transaction or communication) it is but meet that the law should not permit the other to speak of those matters which are forbidden by the statute. Men quite often understand and interpret personal transactions and communications differently, at best; and the Legislature, in its wisdom, has declared that an *ex parte* statement of such matters shall not be received in evidence."

*Carswell*, 253 N.C. at 269, 116 S.E.2d at 803.

As to matters "forbidden by the statute," Rule 601(c) provides in pertinent part:

> (c) *Disqualification of interested persons.*—Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event . . . shall not be examined as a witness in his own behalf . . . concerning any oral communication between the witness and the deceased person . . . .

N.C.G.S. § 8C-1, Rule 601(c) (1992). In a proceeding for the probate of a will, both propounders and caveators are parties "interested in the event" within the meaning and spirit of this statute. *In re Will of Brown*, 194 N.C. at 595, 140 S.E. at 199; *accord In re Will of Hester*, 84 N.C. App. 585, 595, 353 S.E.2d 643, 650, *rev'd on other grounds*, 320 N.C. 738, 360 S.E.2d 801 (1987).

On its face, Rule 601(c) clearly prohibits persons "interested in the event," including caveators generally, from testifying as to oral communications between themselves and the decedent. It is equally clear from our case law regarding the Dead Man's Statute that the "event," about which a party or person would be interested in the context of a caveat to a will, would include the decedent's intent, desire or plan to make a new will, or with regard to specific bequests to be contained therein, *i.e.,* the decedent's desired disposition of his properties. However, with regard to a holographic will, an exception to the Dead Man's Statute has evolved through our case law which allows beneficiaries to testify as to the three material elements of such a will: (1) the testator's handwriting, (2) the testator's signature, and (3) what the testator considered to be his place for keeping valuable papers. *See In re Will of Westfeldt,* 188 N.C. 702, 125 S.E. 531 (1924); *Cornelius v. Brawley,* 109 N.C. 542, 14 S.E. 78 (1891).

The North Carolina General Assembly has more recently codified this exception to the Dead Man's Statute for holographic wills. N.C.G.S. § 31-10 provides in part:

> (b) A beneficiary under a holographic will may testify to such competent, relevant and material facts as tend to establish such holographic will as a valid will without rendering void the benefits to be received by him thereunder.

N.C.G.S. § 31-10(b) (1984). The legislature has also specifically defined "holographic will," setting forth its three material elements. N.C.G.S. § 31-3.4(a) provides in relevant part:

> (a) A holographic will is a will
>
> > (1) Written entirely in the handwriting of the testator . . . and
> >
> > (2) Subscribed by the testator, or with his name written in or on the will in his own handwriting, and
> >
> > (3) Found after the testator's death among his valuable papers or effects, or in a safe-deposit box or other safe place where it was deposited . . . for safekeeping.

N.C.G.S. § 31-3.4(a)(1)-(3) (1984).

The caveators contend that the provisions of N.C.G.S. § 31-10(b) when properly construed are broad enough to permit interested par-

**IN RE WILL OF LAMPARTER**

[348 N.C. 45 (1998)]

ties to testify as to oral communications with a deceased regarding the essential element of any will, and the ultimate question for the jury in a caveat proceeding—whether the testator intended the document to be his last will and testament. We disagree. This statutory exception, relating to the holographic will, is specifically limited to testimony about such material facts as may "establish" such will "as a *valid will.*" Obviously, this relates, and only relates, to the three elements required to make a valid holographic will, as set forth in N.C.G.S. § 31-3.4(a). In *In re Will of Crawford*, 246 N.C. 322, 98 S.E.2d 29 (1957), this Court held that a beneficiary under a purported holographic will could testify to the handwriting of the testator. *Id.* at 325, 98 S.E.2d at 31. Similarly, this Court has held that the beneficiary under a purported holographic will could testify that the document was found among the testator's valuable papers and effects. *In re Will of Wilson*, 258 N.C. 310, 311, 128 S.E.2d 601, 602 (1962).

In caveat proceedings, in the absence of a clear exception to the Dead Man's Statute, this Court has not permitted testimony as to oral communications between the decedent and a beneficiary under the purported will. To the contrary, we have held that testimony of a witness is incompetent under the provisions of the Dead Man's Statute when it appears "(1) that such witness is a party, or interested in the event, (2) that his testimony relates to a personal transaction or communication with the deceased person, (3) that the action is against the personal representative of the deceased or a person deriving title or interest from, through or under the deceased, and (4) that the witness is testifying in his own behalf or interest." *Godwin v. Wachovia Bank & Trust Co.*, 259 N.C. 520, 528, 131 S.E.2d 456, 462 (1963). We thus hold that the legislature, in enacting N.C.G.S. § 31-10(b), did not intend to alter the long-standing rule in this jurisdiction that beneficiaries under a contested will are not competent witnesses to testify as to oral communications with the deceased which tend to answer the ultimate question for the jury in such cases—the testator's desired disposition of his properties through the document at issue.

Accordingly, we hold that the Dead Man's Statute, N.C.G.S. § 8C-1, Rule 601(c), prohibits beneficiaries from testifying as to oral communications they had with the decedent about his intent to make a new will or with regard to specific bequests to be contained in that will, and the trial court erred in permitting the caveators' five interested witnesses to so testify. The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to

the Superior Court, Catawba County, for a new caveat proceeding at which such testimony shall be excluded.

REVERSED AND REMANDED.